In the Matter of JAMES J. HINES, Appellant, against STATE BOARD OF PAROLE, Respondent.

Argued May 15, 1944; decided July 19, 1944.

*Jacob Shientag* for appellant. I. The denial of an order of certiorari for judicial review of respondent's determination is error in law and should be reversed. (*Matter of Hines* v. *State Board of Parole,* 267 App. Div. 99; *People ex rel. Marshall* v. *Webster,* 266 App. Div. 637; *People ex rel. von Moser* v. *New York State Parole Board,* 179 Misc. 397, 266 App. Div. 896; *Matter of O'Connor* v. *State Board of Parole,* 264 App. Div. 797; *People ex rel. Anow* v. *Hunt,* 259 App. Div. 1071; *People ex rel. Mason* v. *Brophy,* 235 App. Div. 432; *People ex rel. Crane* v. *Hahlo,* 228 N. Y. 309; *Matter of Levitch* v.

*Board of Education,* 243 N. Y. 373; *Matter of Small* v. *Moss,* 277 N. Y. 501; *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *Matter of Schwab* v. *McElligott,* 282. N. Y. 182.) II. The denial of petitioner's motion for an order permitting review of respondent's determination was· predicated upon an erroneous interpretation of the applicable law. (*People ex rel. Cecere* v. *Jennings,* 250 N. Y. 239.)

*Nathaniel L. Goldstein, Attorney-General* (*William F. Mc-Nulty, Orrin G. Judd* and *Harry F. Karst* of counsel), for respondent. The holding of Special Term was not only in accord with the legislative intent as manifested in the applicable provisions of the Correction Law· dealing with the subject of parole, but is supported by the weight of authority in this State. (*People ex rel. Cecere* v. *Jennings,* 250 N. Y. 239; *Matter of Siraguso* v. *Moore,* 273 N. Y. 59; *People ex rel. von Moser* v. *New York State Parole Board,* 179 Misc. 397, 266 App. Div. 896; *Matter of Hogan* v. *Canavan,* 245 App. Div. 391, 246 App. Div. 734; *People ex rel. Rabiner* v. *Warden of City Prison,* 209· App. Div. 795; *People ex rel. Hannon* v. *Warden of Pen., N. Y. Co.,* 209 App. Div. 521; *People ex rel. LaPlaca* v. *Heacox,* 238 App. Div. 217; *People ex rel. Kurzynski* v. *Hunt,* 250 App. Div. 378; *People ex rel. Threadcraft* v. *Brophy,* 255 App. Div. 823; *People ex rel. Gariti* v. *Brophy,* 255 App. Div. 823, 279 N. Y. 778; *People ex rel. Natoli* v. *Lewis,* 287 N. Y. 478; *Matter of Ditchik* v. *State Board of Parole,* 181 Misc. 346; *Matter of Lewis* v. *Carter,* 220 N. Y. 8.)

CONWAY, J. This is a proceeding under article 78 of the Civil Practice Act for an order of certiorari to review the action of the State Board of Parole in denying parole to petitioner and for the issuance of an order commanding the Board of Parole to certify the petitioner for parole.

The theory upon which the petitioner has appealed to the courts is that the Board has made it a condition precedent to any consideration of his case, that he admit his guilt of the crimes charged against him regardless of whether in fact he was or was not guilty of the crime or crimes of which he stands convicted and thus violated the rule laid down in *Sims* v. *Sims* (75 N. Y. 466); *People* v. *Rodawald* (177 N. Y. 408, 425); *Schindler* v. *Royal Insurance Co.* (258 N. Y. 310, 312, 313). In the

*Schindler* case we pointed out: "In any civil proceeding to which the People are not parties, one may, after having been convicted of a crime, assert his innocence and put his opponent to his proof of guilt, or after having been acquitted on a criminal charge, may himself be subjected to a trial anew of the issue of fact." We do not find, however, on this record that such improper condition was imposed upon petitioner.

A comprehensive system of parole has been established by the State and is found in the Correction Law. In section 210 thereof the Board of Parole is charged with the duty of determining " what prisoners serving an indeterminate sentence in state prisons and the Elmira Reformatory, may be released on parole and when and under what conditions." Under the same section the members of the Board are required personally to study the prisoners confined in the prisons of the State under indeterminate sentences, so as to determine their ultimate fitness to be paroled. Under section 212 it is provided that the time of the release of a prisoner " shall be discretionary with the board of parole, but no such person shall be released until he has served such minimum sentence nor until he shall have served one year. The action of the board of parole in releasing prisoners shall be deemed a judicial function and shall not be reviewable *if done according to law.*" The statutes declare that the action of the Board in releasing or refusing to release prisoners shall not be reviewable if in accordance with law. Thus so long as the Board violates no positive statutory requirement, its discretion is absolute and beyond review in the courts. In this case there was no departure from any statutory requirement and we may not review its action or failure to act. Aside from our lack of power or authority to review the action of the Board in any particular case, the statutory scheme is such that no judicial review of the merits in any case is possible. The action of the Board depends upon information in regard to the personal traits and characteristics of the individual convicted and upon unanimous concurrence of the individual members of the Board acting upon such information and upon personal observations. The Board is to consider the prisoner's attitude towards society, towards the judge who sentenced him, towards the district attorney who convicted him and towards the police-

man who arrested him and how the prisoner regards the crime for which he is imprisoned and his previous criminal career. (Correction Law, § 214.) There are no statutory limitations upon the power of the Board upon due consideration of such matters, in its absolute discretion to refuse to release any prisoner upon parole. Furthermore, no action need, nor can it be taken except upon the initiative of the Board itself (Correction Law, § 214) and no prisoner may be released on parole as a reward for good conduct or efficient performance of duties assigned in prison, but only if the Board of Parole is of opinion that there is reasonable probability that if such prisoner be released he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society. (Correction Law, § 213; see, also, Executive Law, §§ 115–119.)

The only question presented, therefore, is one of discretion since there has been no failure to comply with statutory requirements. Matters of discretion affecting parole from State prisons and Elmira Reformatory have not been confided to the courts.

It is urged that by moving to dismiss the petition on the ground of legal insufficiency all of the allegations of the petition must be deemed true. The allegations of fact are deemed to be true insofar as relevant or material upon any questions upon which a court may pass (*Noyes* v. *Erie & Wyoming Farmers Co-Op. Corp.*, 281 N. Y. 187, 196; *Nasaba Corp.* v. *Harfred Realty Corp.*, 287 N. Y. 290, 294; *Zwirn* v. *Galento*, 288 N. Y. 428, 430) but not conclusions of law. *Matter of Schwab* v. *McElligott* (282 N. Y. 182, 186), is not to the contrary. There we held that it was admitted " that the report of the medical officers was not founded *on fact,* from which it follows that the order of the Fire Commissioner based thereon was necessarily arbitrary and capricious."

The order should be affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, DESMOND and THACHER, JJ., concur; RIPPEY, J., taking no part.

Order affirmed.