In the Matter of HARRY R. DASH, Appellant, against ALFRED R. LOOS, as Chairman of the State Board of Parole, et al., Respondents.— Order affirmed, without costs of this appeal to either party. (See *Matter of Hines* v. *State Bd. of Parole*, 293 N. Y. 254, and *Matter of O'Connor* v. *State Bd. of Parole*, 270 App. Div. 93.) *People ex rel. Fershing* v. *Wilson* (174 Misc. 191) relied upon by appellant, was reversed by the Appellate Division, Third Department (259 App. Div. 957). All concur. (Appeal from an order dismissing the petition for an order directing the State Board of Parole to release petitioner on parole.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

RALPH ANGELO, Respondent, v. THOMAS SCHNURR, Appellant, et al., Defendants.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals denied. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See *ante,* p. 684.]

WILLIAM H. KEARNEY, Appellant-Respondent, v. J. P. BYRNE & CO., INC., Respondent-Appellant.— Time extended to ten days after determination of motion for reargument, and if motion for reargument granted, time extended to ten days after determination of appeal on reargument. Motion for reargument granted. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See *ante,* p. 845; *post,* p. 855.]

In the Matter of COYLE A. BOYD, an Attorney.— Order entered suspending respondent for one year and until the further order of the court. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

In the Matter of HELEN McCARTHY RIVETTE, an Attorney.— Respondent's application under section 601 of the Civil Practice Act for an order staying execution to enforce the order of this court dated March 3, 1954, suspending her from practice as an attorney is denied. Memorandum: Section 601 of the Civil Practice Act provides for a stay of execution to enforce a judgment or order. An order in a disciplinary proceeding is self-executing and requires no process to enforce it. In any event, we think the granting of a stay provided for by the section rests in the discretion of the court. Present — Vaughan, Kimball, Piper and Wheeler, JJ. [See *ante,* p. 439.]