█ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN JOSEPH BATTLE, Appellant, against W. CECIL JOHNSTON, as Director of Dannemora State Hospital, Respondent.— Appeal from a decision denying, without a hearing, an application for a writ of habeas corpus on the grounds that petitioner was not entitled to the relief sought and for nonconformity with the provisions of article 77 of the Civil Practice Act. An examination of the record shows that no order denying the application was entered but that relator seeks to appeal from a decision of Mr. Justice Ryan, dated May 1, 1959, and it is further evident that the record is defective as the notice of appeal is not dated and it is therefore impossible to tell whether it was filed within the prescribed time. For these procedure defects, the appeal must be dismissed upon its merits. Appeal dismissed, without costs. Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ., concur.

█ In the Matter of MARTIN X. SOSTRE, Appellant, against LEE B. MAILLER, as Chairman of the New York State Board of Parole, Respondent.— This is an appeal from the denial of an application under article 78 of the Civil Practice Act to compel the Parole Board to grant the appellant-petitioner a new hearing. On December 8, 1952 the appellant was sentenced to an indeterminate term of from 6 to 12 years. His minimum sentence was computed as expiring on October 10, 1956 and on September 25, 1956 he appeared before the Parole Board and was ordered held three years for reconsideration only. The appellant's petition alleged that at this hearing he was questioned only as to two other indictments which were then pending against him and that admissions of guilt were sought from him. He alleges that no consideration was given to his exemplary record in prison and that this discrimination was the result of a practice of discrimination by the Parole Board against Negroes. The court below denied the application. The order purportedly appealed from appears to be a copy of the Justice's decision and not an order. For this reason the appeal must be dismissed (*People ex rel. Watkins* v. *Jackson*, 7 A D 2d 804). However, examining the merits of the appellant's contentions it is clear that the application was properly denied by the court below. The Parole Board granted the appellant a hearing before the expiration of his minimum sentence. Subdivision 4 of section 214 of the Correction Law provides that the board shall personally examine the prisoner and reach its own conclusions as to the desirability of releasing him. When a prisoner is to be paroled is solely within the discretion of the board and unless the board fails to comply with some statutory requirement its discretion is absolute and beyond review by the courts (*Matter of Hines* v. *State Bd. of Parole*, 293 N. Y. 254). It has not been shown that the board has here violated any statutory requirement. Appeal dismissed, without costs. Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ., concur.