■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY F. STRYZEWSKI, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent. In the Matter of ANTHONY F. STRYZEWSKI, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— In a proceeding wherein relief is sought both by way of writ of habeas corpus and pursuant to article 78 of the former Civil Practice Act, the relator-petitioner appeals from an order of the Supreme Court, Dutchess County, dated November 8, 1962, which (1) dismissed the writ and remanded him to the custody of respondent; and (2) dismissed his petition under article 78. Order affirmed, without costs. Appellant's claim involves the July 1, 1962 revision of subdivision 4 of section 230 of the Correction Law. In the court below he contended that the benefits of such section are retroactively applicable to him in his present confinement and that, therefore, he is entitled to a reduction of some 30 months in his maximum term. The court properly rejected this contention. On this appeal appellant contends that, insofar as section 230 provides that a prisoner had no right to reduction of sentence for good behavior, nor any right to demand or require the restoration of any reduction of sentence heretofore withheld or declared forfeited, it is unconstitutional. The thrust of appellant's argument is that the Correction Department is given the right to grant, refuse or declare forfeited time earned for good behavior without standards fixed by the Legislature. We

find the contention made by the appellant to be untenable. The reduction of maximum sentence is dependent upon good conduct, efficient and willing performance of duties assigned, and for progress and achievement in a treatment program to which the prisoner has been assigned (Correction Law, § 230; 7 NYCRR, §§ 60.1, 60.4). These, in our opinion, are sufficient standards (cf. *Matter of O'Connor* v. *State Bd. of Parole,* 270 App. Div. 93; *Matter of City of Utica* v. *Water Control Bd.,* 5 N Y 2d 164). Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.