Domenick L. Gabrielli, J.
The petitioner was convicted in the Allegany County Court of the crime of rape, first degree, and received a sentence of from one day to life. He seeks an order directing the New York State Parole Board to make a determination of petitioner’s eligibility for parole based upon his psychiatric fitness to live and remain at liberty
Upon the return day, the petitioner was present upon a body order, with his attorney, and it was announced that no proof would be submitted or necessary and that'the matter would be determined upon the pleadings and exhibits.
It appears that the petitioner, within 19 days of his conviction, was examined and tested by a psychologist; and had psychiatric examinations on October 23, 1962, May 25, 1963, November 23, 1964, January 11, 1965 and April 3, 1965. The results of each of these psychiatric examinations and the current reports concerning education and training have been before the Parole Board on the occasions when the petitioner appeared personally before the Parole Board, namely, January 25,1963 and February 4, 1965.
The petitioner contends Unit the Parole Board has neither well, sufficiently nor properly considered him for release.
Nowhere in tlie. record is there any showing that (be board violated any positive statutory requirement, and, as was said in Matter of Hines v. State Bd. of Parole (293 N. Y. 254, 257) 11 so long as the Board violates no positive statutory requirement, its discretion is absolute and beyond review in the courts.” The board was required to have him appear and to personally examine him, and the extent of such an examination was necessarily within its discretion. (Correction Law, § 214.)
*804 The actions of the Parole Board upon matters relating to release are not reviewable by this court if done according to law, for Parole Board in such case is deemed to be performing a judicial function (Correction Law, § 213); and, as pronounced by the Court of Appeals in Matter of Hines v. State Bd. of Parole (supra, p. 258): “ There are no statutory limitations upon the power of the Board upon due consideration of such matters, in its absolute discretion to refuse to release any prisoner upon parole.”
In Matter of O’Connor v. State Bd. of Parole (270 App. Div. 93) the charge was made (as here) that the petitioner was not given sufficient consideration; was not sufficiently investigated; and that the action of the board was handled in a cursory manner. The court there held that there could be no judicial review of the board’s action for there was no showing that it had failed to do anything according to law.
The application is denied.