# 1000

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES HARDISON, Appellant.— Judgment of the Supreme Court, Kings County, rendered March 14, 1969 on resentence, affirmed. No opinion. Appeal from judgment of the Supreme Court, Kings County, rendered February 7, 1969, dismissed as academic. This judgment was superseded by the judgment rendered March 14, 1969. Christ, P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER PIERRE, Appellant.— Appeal by defendant from an order of the Supreme Court, Kings County, dated May 28, 1968, which denied his motion for resentence. Appeal dismissed. No appeal lies from an order denying a motion for resentence. We have, however, examined the merits of the matter and, were we not dismissing the appeal, we would affirm the order. Absent a violation by the Board of Parole of a positive statutory requirement, a refusal to release a prisoner on parole is not judicially reviewable (*Matter of Hines* v. *State Board of Parole*, 293 N. Y. 254). Christ, P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD TRINCELLITO, Appellant.— Order of the Supreme Court, Queens County, dated March 10, 1969, affirmed. In our opinion, the transfer of defendant, under a reformative-type sentence, to an institution lacking in rehabilitative facilities did not per se invalidate the judgment or the indeterminate sentence imposed thereunder. Moreover, at the parole posture at which the instant *coram nobis* application was made, correction of the manner in which the sentence was being implemented (as provided in *People ex rel. Meltsner* v. *Follette,* 32 A D 2d 389) was not feasible. It would have entailed revocation of defendant's then existing parole status and recommitment to Elmira Reformatory for transfer to a proper institution, which course of action was not then in defendant's interests and was obviously not the end result sought to be achieved by him. We are also of the opinion that no adequate basis was set forth for any conclusion that the sentence, which had already commenced, was predicated on a mistake of law or fact in existence at the time of sentence so as to justify interfering therewith or with its reformative perspective. Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RUDOLPH FRANCIS, Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, dated January 30, 1969, which dismissed the writ. Judgment affirmed, without costs (*People ex rel. Allen* v. *Follette,* 33 A D 2d 1051; *People ex rel. Baker* v. *Follette,* 33 A D 2d 1052; *People ex rel. Smith* v. *Deegan,* 32 A D 2d 940). Christ, P. J., Rabin and Brennan, JJ., concur; Hopkins and Benjamin, JJ., concur under constraint of *People ex rel. Allen* v. *Follette* (33 A D 2d 1051) and *People ex rel. Baker* v. *Follette* (33 A D 2d 1052), although they adhere to the dissenting views expressed therein.