Jasen, J.
In 1940, petitioner was charged with a triple murder and arson in Delaware County. Although considerable newspaper publicity accompanied these charges, no attempt was made to change the venue of the trial. Petitioner, after consultation with his counsel, pleaded guilty to the reduced charges of three counts of second degree murder and one count of second degree arson, and was sentenced to consecutive sentences of 20 years to life on each murder count and 10 to 20 years on the arson count.
Petitioner now argues: (1) that the pre-plea publicity should have the effect of vitiating his guilty plea, requiring the vacating of his sentence (People v. Sepos, 16 N Y 2d 662); or, (2) *445 that the imposition of consecutive sentences was a denial of due process, and that the sentences should be altered to run concurrently.
Special Term, after a hearing on the issue of whether the pretrial publicity was so lurid and extensive as to preclude the right to a fair trial and cause petitioner’s plea of guilty, determined that the petitioner pleaded guilty to the reduced charge of murder, second degree, to escape the possibility of far harsher punishment—the death penalty—and not because of the notoriety given the case by the press. This factual finding was affirmed by the Appellate Division and, hence, our review is limited. Since we find there was sufficient evidence to support the findings below, there is no basis for the vitiation of petitioner’s plea of guilty.
The consecutive sentences imposed upon petitioner were, at the time of sentence, lawful and within the trial court’s discretion. (Former Penal Law, § 1048.) Moreover, the consecutive sentences did not eliminate, as petitioner contends, any possibility for parole (See former Penal Law, § 1945, subd. 7[1] and Correction Law, former § 212 [2].) The Parole Board has, on at least two occasions since 1960, considered petitioner for parole, but failed to take favorable action. The courts, of course, do not review the action of the board — in releasing or refusing to release prisoners—if in accordance with law. (Matter of Hines v. State Bd. of Parole, 293 N. Y. 254, 257.)
*446 It should be pointed out, however, that the petitioner may also seek relief through the Executive Law (art. 2-A, §§ 15-19). These provisions make available to the petitioner relief by way of executive clemency.
The order of the Appellate Division should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Gibson concur.
Order affirmed.

. “ § 1945. Release on parole of certain prisoners.
* e #
“ 7. Every prisoner, whether male or female, received at any time in a state prison upon an indeterminate sentence the minimum of which is more than thirty years * * * may be released on parole on such sentence, pursuant to article eight of the correction law, as though his or her sentence had been for an indeterminate term the minimum of which was thirty years and the maximum of which was the same as the term of the maximum of the indeterminate sentence ”.

. “ § 212. Prisoners subject to parole.
“ Every person sentenced to an indeterminate sentence and confined in a state prison, when he has served a period of time equal to the minimum sentence imposed by the court for the crime of which he was convicted, and every person imprisoned in a state prison and eligible to be released on parole as provided in section nineteen hundred forty-five of the penal law [omitted from the new Penal Law], shall be subject to the jurisdiction of the hoard of parole.”