THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROY SCHUSTER, Respondent, v. LEON J. VINCENT, as Superintendent of Green Haven Correctional Facility, Appellant.— In a habeas corpus proceeding, the appeal is from

a judgment of the Supreme Court, Dutchess County, dated December 15, 1972, which *inter alia* directed the New York State Parole Board to expeditiously conduct a new hearing. Judgment reversed, on the law, without costs, and writ dismissed. The record discloses that at the parole hearing on May 16, 1972, the Parole Board was willing to parole relator and the Attorney-General implicitly consented thereto; and that Schuster has been a fit person for parole. But relator, in his intransigence (based on his " conscience ", to quote him), insisted that only unconditional release was acceptable to him and that the Parole Board was not fit to pass on whether he should be paroled. This position of the relator, in our opinion, prevented the Parole Board from granting him such parole as might lawfully have been allowed him at the parole hearing (Correction Law, §§ 210, 212, subd. 8; *People* v. *Randazzo*, 37 Misc 2d 80, 82, affd. 20 A D 2d 850, affd. 15 N Y 2d 526, cert. den. 381 U. S. 953; 7 NYCRR 1.12). As long as the Parole Board violates no positive statutory requirement, its discretion is absolute and beyond review in the courts (*Matter of Hines* v. *State Board of Parole*, 293 N. Y. 254, 257). Munder, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur. [73 Misc 2d 653.]