Edward S. Conway, J.
This is an article 78 proceeding brought by the petitioner asking this court for an order: 1) directing the respondent to do all acts necessary to comply with sections 213 and 214 of the Correction Law; 2) directing respondent to hold a formal hearing with petitioner being given an opportunity to be heard; and 3) directing respondent to parole petitioner.
Petitioner is currently incarcerated in the Clinton Correctional Facility after conviction and sentencing on November 19, 1973 to an indeterminate term of seven years for criminal sale of a dangerous drug, third degree; a sentence to an indeterminate term of three years for criminal possession of a dangerous drug, fourth degree; and a sentence to an indeterminate term of one year for criminal possession of a dangerous drug, sixth degree; each sentence to be served concurrently.
Petitioner appeared before the board of parole on September 18, 1974 in order to have his minimum period of imprisonment fixed and to be considered for parole release. The board of parole at its September 18 meeting, denied him parole and held him for 24 months until September, 1976 when he will again meet with the board.
Petitioner contends that the September 18 meeting consumed only 3 to 4 minutes and was a "quickie” hearing that *326 constituted a fraud on petitioner as there was no time to examine his records and reports or to examine him and thus there was no compliance with sections 210, 212 and 214 of the Correction Law. Further, petitioner contends that he is being held beyond the maximum expiration dates of the concurrent sentences because the parole board did not credit him with an additional year of jail time to which he was entitled.
The court cannot agree with these contentions of the petitioner. The parole board fixed his minimum period at three years because he had a period in excess of three years under an earlier-imposed 1952 sentence (the 1973 sentence was to be served concurrently with the 1952 sentence). In fixing the minimum period of imprisonment, the board had before it all of petitioner’s records as shown by the affidavits of Commissioner Fierro and Senior Parole Officer James J. Williams, annexed to the answering papers of the respondent. As long as the parole board violates no positive statutory requirement, its discretion is absolute and beyond review in the courts. There are no statutory limitations upon the power of the board upon due consideration of certain matters (set forth in section 214 of the Correction Law) in its absolute discretion to refuse to release any prisoner upon parole (Matter of Hines v State Bd. of Parole, 293 NY 254; Matter of Briguglio v Board of Parole, 24 NY2d 21).
The Court of Appeals in Matter of Briguglio v Board of Parole (supra, pp 28-29) held:
"The Legislature has required that the board personally examine the prospective parolee but this does not mean that a full adversary-type hearing must be granted. Indeed the nature and extent of the examination is solely within the discretion of the board (Matter of O’Connor v. State Bd. of Parole, 270 App. Div. 93). Thus, if the parole system of this State is to be altered, it should be altered by the Legislature and not by this court. * * *
"In sum, we conclude that the parole release proceeding does not require an adversary hearing. The Federal courts have consistently held, and the Supreme Court has refused to rule otherwise, that parole hearings dp not involve constitutional due process”.
Further, time spent by petitioner in jail before his sentencing in 1973 is not credited against his minimum period of imprisonment where the board of parole fixes the minimum as *327 in the instant case (People ex rel. Johnson v Montanye, 42 AD2d 1041; Penal Law, § 70.30).
Accordingly, the petition is dismissed.