**Frank LOTT, Petitioner,**

v.

**Stephen DALSHEIM, Superintendent, Ossining Correctional Facility, and Edward Hammock, Chairman, New York State Board of Parole, Respondents.**

No. 78 Civ. 955 (MEL).

United States District Court,
S. D. New York.

Aug. 9, 1979.

Bronx Legal Services, Corp. C., New York City, for petitioner; Lloyd B. Silverman, New York City, Project Director, Elizabeth L. Koob, James S. Braude, New York City, of counsel.

Robert Abrams, Atty. Gen., New York City, for respondents; Patricia C. Armstrong, Asst. Atty. Gen., New York City, of counsel.

LASKER, District Judge.

In her Report of February 9, 1979, Magistrate Gershon recommends that the State's motion to dismiss Lott's habeas petition for failure to exhaust state court remedies, as required by 28 U.S.C. § 2254(b), be granted. The Report also recommends that the State's motion to dismiss Lott's alternate theory of relief under 42 U.S.C. § 1983 for failure to state a claim be denied. Upon consideration of the objections of both parties, the findings of the Magistrate are adopted with one exception.

In 1975, the New York State Parole Board denied Lott parole citing as reasons for its decision the serious nature of the crime of second degree murder for which he was convicted, his failure to adjust to parole on previous occasions and an "unfavorable community attitude" toward Lott's release. (Petition, Ex. A) Lott petitioned the State Supreme Court and appealed to the Appellate Division for review of the Board's decision but was denied relief by both courts. Leave to appeal to the Court of Appeals was denied. In 1977, Lott again appeared before the Parole Board and was again denied parole. The Board gave the same reasons for its denial as those of 1975 and, in addition, questioned Lott's "programmatic achievement", noting that, while extremely active in legal matters, he had participated in little "constructive programming" to aid in his readjustment to society. (Petition, Ex. A–1, pp. 2–3)

In his petition to this court, Lott challenges the 1977 parole determination under the First and the due process clause of the Fourteenth Amendments. He contends that in violation of his First Amendment

right of access to the courts he was denied parole because of his "legal activities." See *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); *Sostre v. McGinnis*, 442 F.2d 178 (2d Cir. 1971), *cert. denied sub nom. Sostre v. Oswald*, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972). He also alleges that the decision deprived him of due process because it was "conclusory" and lacked sufficient detail to inform him how to adjust his conduct in the future (Petition ¶ 21); and that two of the stated reasons for denial of parole—the nature of his crime and his prior parole record—were constitutionally impermissible grounds for the decision. (*Id.* ¶¶ 20–21)

*Exhaustion*

Lott asserts that the issues raised before this court are substantially the same as those placed before the state courts following the 1975 parole decision and that he has therefore "fairly presented' his constitutional claims to the state courts. *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

■ However, Lott has clearly failed to exhaust his state court remedies as to the First Amendment claim. His previous petition contained no explicit reference to such a constitutional challenge; nor were the facts or arguments actually raised sufficient to put the courts on notice of such a claim. The nearest mention of the argument made here was a reference in his state court briefs to a discussion at the 1975 hearing of Lott's participation in drafting the "Attica Manifesto". While Lott contended in 1975 that the Parole Board's consideration of this factor was "discriminatory", "irrelevant" and "inflammatory" (Supreme Court Brief, ¶ 19; Appellate Division Brief, p. 31), he made no claim that the decision impinged on his right of access to the courts. Indeed, the factual basis for the First Amendment claim seems clearly rooted in the 1977 decision which unlike the earlier one, dwells on Lott's legal activities. Thus significant evidence relating to Lott's claim was simply not available for consideration by the courts in 1975.

Nor have the state courts had a fair opportunity to consider Lott's due process claims. Again, no explicit constitutional argument on this ground was raised in the prior proceedings. For example, Lott's argument that the nature of his crime and his past parole record are constitutionally impermissible considerations—an important aspect of the petition here—was not touched on. Moreover, as the Magistrate noted, Lott's argument that the 1977 decision was "conclusory", although raised in passing in the 1975 state proceedings, is closely related to—and therefore should be treated together with—his First Amendment claim which basically alleges that the lack of detailed reasons permitted the Board to deny him parole for reasons violative of his constitutional right to engage in legal activities. (See Magistrate's Report at 8–9)

Finally, the two year gap between the 1975 and 1977 parole decisions is a persuasive reason in itself to refer the petition to the State courts. The 1977 decision, like the earlier one, relied heavily on Lott's past history in denying him parole. However, since the validity of this reason is affected by Lott's conduct during the interim period, and, indeed, by the very passage of time since the events relied on by the Board, the State courts are entitled to consider whether this additional factor would affect their earlier conclusion.

*Futility*

■ We do not agree with Lott that *Matter of Hines v. State Board of Parole*, 293 N.Y. 254, 257–58, 56 N.E.2d 572 (1944), and its progeny establish that resort to the state courts would be futile. As this court noted in *Cicero v. Olgiati*, 426 F.Supp. 1213, 1217 (S.D.N.Y.1976), the state courts have become increasingly responsive to federal constitutional challenges to Parole Board decisions since *Hines* was decided. Moreover, the recent amendment of New York's parole statute, N.Y. Exec. Law §§ 259 to 259–r (McKinney Supp. 1972–78), adds a new level of uncertainty to the scope of state court review of parole decisions in

the future. In light of these changes in the law affecting parole, the appropriate procedure is to permit the state courts to indicate whether they will entertain the issues raised in Lott's petition rather than to allow the sweeping exception to the exhaustion requirement proposed here. See *Brown v. Wilmot*, 572 F.2d 404, 406 (2d Cir. 1978); *Wilson v. Fogg*, 571 F.2d 91, 95 (2d Cir. 1978).

### 42 U.S.C. § 1983 Claims

The Magistrate recommends that the State's motion under Rule 12(b)(6), Fed.R. Civ.P., to dismiss Lott's § 1983 claims for failure to state a claim be denied. Relying on *Billiteri v. United States Board of Parole*, 541 F.2d 938, 944 (2d Cir. 1976), and *United States ex rel. Johnson v. Chairman, New York State Board of Parole*, 500 F.2d 925, 930 (2d Cir.), *vacated as moot sub nom. Regan v. Johnson*, 419 U.S. 1015, 95 S.Ct. 488, 42 L.Ed.2d 289 (1974), she found that the Parole Board could constitutionally consider the nature of Lott's crime and his past record in denying him release on parole. However, she also found these claims integrally related with Lott's First Amendment argument, on which she believed he was entitled to proceed, and she therefore concluded that the motion should be denied.

 The Magistrate correctly concluded that Lott has failed to state a claim for violation of his right to due process. The cases cited by the Magistrate establish that the Parole Board has broad discretion to consider an inmate's prior criminal record and community adjustment in deciding whether or not to grant parole. See *Billiteri* and *United States ex rel. Johnson, supra*. Moreover, we do not find the statement of reasons given by the Board in denying Lott parole "conclusory", as alleged. Rather, it sets out clearly the factors relied on by the Board in reaching its decision and suggests that Lott devote more time to development of traditional vocational skills in order to prepare himself for release into the community. Cf. *Haymes v. Regan*, 525 F.2d 540, 544 (2d Cir. 1975) (one

sentence denial of parole inadequate to advise inmate of "grounds for decision to deny him parole, and the essential facts from which the Board's inferences have been drawn"); see also *United States ex rel. Johnson, supra*, 500 F.2d at 930–31. Accordingly, we agree with the Magistrate that the viability of Lott's § 1983 complaint turns on whether his First Amendment claim is proper.

In its objections to the Magistrate's Report, the State has somewhat altered its argument in support of the motion to dismiss. Whereas it earlier asserted that no constitutional violation had been alleged, it now contends that Lott's First Amendment claim should be dismissed for failure to satisfy the more precise standard of pleading applicable to civil rights actions. See *Martin v. New York State Department of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978).

 Lott's First Amendment claim is set out in the final paragraph of the complaint, which alleges:

"Lastly, my attorneys also inform me that to deny me parole on the basis of my legal activities on behalf of my fellow inmates is an unconstitutional interference with the right to access to the courts and as such improper." (¶ 22)

We agree with the State that this claim should be repleaded to specify the nature of the injury complained of. The need for such particularity is evident in light of the discussion concerning Lott's First Amendment claim in his memorandum of law. There, the suggestion is made that the basis of the claim is the Parole Board's decision that Lott should devote more time to nonlegal pursuits to prepare for release into the community. (Memorandum at 7) Such a conclusion is well within the discretion of the Parole Board in reaching decisions as to release, see *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, —— U.S. ——, 99 S.Ct. 2100, 60 L.Ed.2d 668 (U.S. 1979); *United States ex rel. Johnson, supra*, 500 F.2d at 930, and accordingly if this is the basis of Lott's claim, it must be dismissed for failure to allege a constitu-

tional violation. However, Lott will be allowed twenty days to replead to allege, if he can, that he was denied parole in retaliation for his legal activities or some other recognized violation of his First Amendment rights.

In sum, Lott's petition for a writ of habeas corpus is dismissed for failure to exhaust state court remedies. The claims brought under 42 U.S.C. § 1983 are dismissed for failure to state a claim upon which relief can be granted, without prejudice to sufficient repleading within twenty days of the filing of this decision. If a new and sufficient complaint has not been filed within this time, the State may, on notice, submit a proposed judgment dismissing the action.

It is so ordered.