## Ex parte C. R. SMITH.

No. A-10261.   May 5, 1943.

(137 P. 2d 259.)

406

Sid White, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, P. J. This is an original proceeding in habeas corpus filed by C. R. Smith to secure his release from confinement in the State Penitentiary.

In the verified petition filed herein it is alleged that the petitioner was adjudged guilty of the crime of child abandonment in the district court of Oklahoma county on April 19, 1940, and sentenced to three years in the State Penitentiary, but that the execution of said sentence was suspended by the trial court.

That on May 16, 1941, the district court revoked the suspended sentence and had the petitioner committed to the State Penitentiary where he still remains.

That the sole cause for the revocation of said order suspending sentence was the failure of petitioner to pay the sum of $20 per month for child support.

That on December 8, 1941, the petitioner tendered to the trial judge a bond, as provided by 21 O. S. 1941 § 855, and caused said bond to be approved and tendered said bond, together with the judge's certificate of approval, to the Governor.

That said Governor refused to grant petitioner a parole in accordance with the statute because under the provision of said bond the sureties undertook a guarantee the payment of said sums so ordered for such support of said children for the term of said sentence rather than throughout the minority of said children.

Petitioner prays this court to direct his release from prison.

A rule to show cause was issued and a response to said petition filed in which it is alleged that:

"The petitioner stands committed to the State Penitentiary pursuant to a sentence after revocation of an order suspending execution of said sentence, which judgment and sentence and order revoking suspension thereof were regular and duly imposed and ordered by said district court.

"That the execution of said sentence was suspended upon the condition that defendant would not violate any law of the state and that he would make proper provisions for his minor children as required by law. That defendant thereafter failed and refused to support and provide for said minor children, which failure and refusal of defendant was a violation of the laws of the State of Oklahoma and constituted, under the terms of 22 O. S. 1941 § 992, ground for revocation of said order suspending the execution of said sentence."

Upon the issues thus being joined, a hearing was held before this court and evidence was offered both by petitioner and respondent.

There is very little dispute as to the facts. The allegations of the petition, in so far as same relate to the presentation and acceptance of a surety bond by the trial judge and the recommendation of the trial judge to the Governor that the petitioner be paroled, and the subsequent refusal of the Governor to issue a parole under the conditions set forth in the bond, were proved by petitioner. Likewise, it is established that the sentence of the petitioner was suspended in the first instance with the understanding that he would violate no law of the State of Oklahoma, with particular emphasis upon that part of the law which required petitioner, as the father of certain minor children, to make provision for their necessary food and clothing. That said petitioner violated the terms of his suspended sentence by willfully failing to make proper provision for his said minor children and that by reason thereof the trial court did enter an order revoking the suspended sentence.

It is not quite clear from the petition as to whether complaint is directed at the action of the trial court in revoking the suspended sentence. Under the facts, if such contention is being made, it may not be sustained for the reason that the trial court was justified in revoking the suspended sentence by reason of the fact that petitioner had violated the terms of said suspension by violating the law, to wit: failure to provide the necessities for his minor children in accordance with 21 O. S. 1941 § 852.

As to the contention that it was mandatory upon the Governor to grant a parole under the terms of the statute upon recommendation of the trial judge and the approval of a bond by the trial court, we cannot agree. The statute itself does not purport to make it mandatory upon the Governor to parole a person convicted under said section, but specifically provides that the Governor may pa-

role said person after he has performed certain conditions. The applicable part of said act reads:

"Upon conviction of any person, under the provisions of this Act, the Governor may, before or after sentence, parole said person upon the recommendation of the trial judge in whose court he was convicted, upon said person entering into an undertaking in the form provided by the judge of said court, with two or more good and sufficient sureties. * * *"

See State ex rel. Mitchell v. Swindall, 33 Okla. Cr. 210, 241 P. 456.

Under the provision of section 10, art. 6, Oklahoma Constitution, the power to grant reprieves, commutations, paroles and pardons is vested exclusively in the Governor. Any attempt on the part of the Legislature to infringe upon this right of the Governor or to delegate the same to a court or other body would be unconstitutional. Such' a statute could have no more effect than to be a declaration of legislative policy which might be followed by the Governor or ignored by him. However, in the instant case there is no attempt in the statute to make it mandatory upon the Governor to issue a parole, and for that reason, under the express terms of the statute, the Governor, in the exercise of his discretion, had a right to refuse the parole if he thought the bond tendered by the petitioner was not in proper form or for any other reason. If the petitioner was desirous of availing himself of his opportunity to secure clemency from the Chief Executive, it was incumbent upon him to comply with the Governor's orders.

For the reasons hereinabove stated, the petition for writ of habeas corpus is denied.

BAREFOOT, J., concurs. DOYLE, J., concurs in conclusion.