Johnny Lee VALENTINE, Petitioner,

v.

STATE of Oklahoma, Respondent.

No. A–13072.

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1961.

Carroll Samara, Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BUSSEY, Judge.

The petitioner, Johnny Lee Valentine, was charged with the offense of burglary in the second degree in the District Court of Oklahoma County, case No. 13,072. He entered a plea of guilty on April 20, 1960, and was sentenced to confinement in the State Penitentiary for a term of 3 years. Said judgment and sentence was suspended subject to the terms and conditions as set forth in 22 O.S. § 991 and 22 O.S. § 992. On February 16, 1961, a motion to revoke said judgment and sentence was filed before the Honorable W. R. Wallace, Jr., District Judge for Oklahoma County, by James H. Herrod, County Attorney in and for Oklahoma County. This matter came on for hearing on March 6, 1961, the state was represented by the Assistant County Attorney, John Amick and defend-

ant appeared in person and by his attorney, Carroll Samara. Thereafter witnesses were sworn and testified on behalf of the State and defendant. At the conclusion of the evidence an order revoking the judgment and sentence was entered by the Honorable W. R. Wallace, Jr. Thereafter the defendant attempted to appeal to the Court of Criminal Appeals, which appeal was dismissed for reasons not material here. In re Habeas Corpus of Valentine, Okl.Cr., 363 P.2d 160.

The petitioner now seeks his release from custody urging that the action of the trial court in revoking his judgment and sentence was arbitrary and capricious and not based on grounds sanctioned by law. The Attorney General contends that the evidence adduced before the Honorable W. R. Wallace, Jr., amply supports the order of the court. This question has been before the court many times and it has been consistently held that: "The matter of revocation of suspended sentence is within the sound discretion of the trial court, and is limited only by the provisions of the statutes." We therefore deem it necessary to set forth 22 O.S. § 992 which provides: "Any person so released as provided in the preceding Section shall be required to report to the Judge of the Court wherein convicted, at each succeeding term during the pendency of said judgment, or when required by the Court or Judge, and prove to the satisfaction of said Judge by two citizens of said County of good reputation, that said person has not violated any law, and has been a quiet, peaceful and law abiding citizen. Provided, that if it shall be made to appear to said Judge that said person so released has been guilty of a violation of any law after his said release, or is habitually associating with lewd or vicious persons, or is indulging in vicious habits, in that event said Court shall cause a warrant to be issued for said person, and he shall be delivered forthwith to the place of confinement to which originally sentenced, and shall serve out the full term for which he had originally been sen-

tenced." It is thus clear from the foregoing statute if the evidence presented before the trial court tended to any degree to establish a breach of the conditions set forth above the order of the trial court should not be disturbed.

In the case at bar the testimony presented before the trial court disclosed that: J. R. Donnell, a detective of the Oklahoma City Police Department, was permitted to testify that he arrested the defendant at 1:30 A.M. on January 21, 1961, in company with Vernon Noah Bryant, June Diane Bryant and Donald Darwin Massingale. Donnell testified that as they approached the automobile which belonged to Bryant, they observed a number of articles being thrown from the vehicle. A search of the area where the articles were thrown from the automobile yielded a fully loaded .38 caliber revolver, narcotics and narcotic paraphernalia. A number of tools were found in the trunk of the car.

Donnell testified that Vernon Noah Bryant had a bad reputation, that June Diane Bryant had a bad reputation and a record for narcotics and prostitution; that Donald Darwin Massingale had a bad reputation and that Massingale had since died from an overdose of narcotics. Donnell testified that Johnny Lee Valentine was "high" on something at the time he was arrested and that, in his opinion, he was high on some form of narcotics. Donnell testified that since the imposition of the suspended sentence, Valentine had been arrested for vagrancy and fined $20 and for larceny of a television which case was pending.

Officer A. S. Johnson, a detective of the Oklahoma City Police Department, testified that while searching for a stolen television set on January 14, 1961, he arrested Valentine in a motel room in Oklahoma City with one Patsy Ruth Rogers, Carl Eugene "Buddy" Valentine and Maxine Pruitt. The officer testified that all were asleep when the officers entered, Valentine was in bed with Patsy Ruth, and Buddy Valentine was in bed with Maxine Pruitt, that all of the persons there spoke incoherently. That he did not detect the odor of alcohol on their breath nor in the room, but that all four persons were unsteady on their feet.

Carl Eugene Valentine was identified as the uncle of Johnny Lee Valentine. Patsy Ruth Rogers was stated to have a reputation as a user of narcotics, a person of low moral character and was said by the officer to be confined in a penitentiary at the time of the hearing.

The officer stated that Maxine Pruitt had a bad reputation, a reputation as a user of narcotics, and that she had been fined as a prostitute.

Dale Vaughn, a detective in the vice bureau of the Oklahoma City Police Department, testified that on February 13, 1961, he and other officers went to the apartment of one Barbara Connolly, a person of bad moral character, with a reputation as a user of narcotics, for the purpose of conducting a search of the Connolly apartment for narcotics and narcotics paraphernalia. Vaughn stated that as he approached the apartment, he saw Valentine and another man emerge from the apartment. When the officers entered the apartment, they found Connolly and one Peggy Dill, who was a well-known prostitute, inside. Valentine was placed under arrest at that time for the offense of "Consorting with Persons of Lewd Character."

Don Harris, Oklahoma County Probation Officer, testified with regard to Donald Darwin Massingale, with whom Valentine was arrested on January 21, 1961, by Officer Donnell and others, that Massingale had been convicted of the crime of burglary in the second degree on December 7, 1956, for which he was given a three-year suspended sentence. Mr. Harris stated that on February 18, 1957, this suspended sentence was revoked and another burglary charge then pending against Massingale was dismissed.

We agree with the Attorney General's view of the testimony as expressed in his brief and think the evidence cited above

amply supports the verdict of the court and is sufficient to establish that the defendant was "Associating with lewd or vicious persons." The writ is therefore denied.

NIX, P. J., and BRETT, J., concur.