**Max Kenneth TAYLOR, Petitioner,**

**v.**

**The STATE of Oklahoma, and Ray Page, Warden, Oklahoma State Penitentiary, Respondents.**

**No. A–13458.**

Court of Criminal Appeals of Oklahoma.

May 20, 1964.

Valdhe Pitman, Oklahoma City, for petitioner.

Charles Nesbitt, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for respondent.

BUSSEY, Judge.

This is an original proceeding instituted by Max Kenneth Taylor, wherein said peti-

tioner seeks his release from confinement in the State Penitentiary at McAlester, Oklahoma.

As grounds for his release, the petitioner asserts that the trial court's action, in entering an order revoking an order suspending Judgment and Sentence, in District Court of Oklahoma County, Case No. 26544, was an abuse of judicial discretion.

A response was duly filed on behalf of Warden, Ray Page; this matter was set for Oral Argument on the 5th day of February, 1964, at which time this cause was submitted on the record and counsel for the parties were given additional time in which to file briefs.

■ An examination of the record in the instant case, discloses that the proceeding conducted in the District Court on the 12th and 13th of December, 1963, was in all respects in accord with the practice recommended by this Court in the recent case of Adams v. State, Okl.Cr.App., 389 P.2d 927; wherein we said:

"While it is not required under the provisions of Title 22 O.S.1951 § 992, the better practice would be for the trial court to require the county attorney to file a written motion and introduce competent legal evidence tending to establish a breach of the terms under which a sentence was suspended. The trial court should then specify in the order revoking the suspended sentence the reason for the revocation."

■ We have carefully examined the record and are of the opinion that the evidence amply supports the action of the trial court in finding that petitioner had violated the terms of his suspended sentence, and entering an order revoking the order suspending Judgment and Sentence.

■ Following the rule that: "where the evidence tends in any degree to support the action of the trial court in entering an order revoking an order suspending Judgment and Sentence, the trial court's ruling should not be disturbed." Valentine v. State, Okl.Cr., 365 P.2d 166, we are of the opinion that the writ prayed for should be denied.

Writ denied.

JOHNSON, P. J., and NIX, J., concur.