Sanford **JACKSON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–16413.

Court of Criminal Appeals of Oklahoma.

May 10, 1972.

Bay, Hamilton, Renegar & Lees, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Mike D. Martin, Asst. Atty. Gen., for appellee.

## OPINION

SIMMS, Judge:

Defendant appeals from an Order of the trial court Revoking a Suspended Sentence of One Year in the Oklahoma County Jail for the offense of Omitting to Provide, the judgment and sentence being entered on October 28, 1969, following defendant's plea of guilty.

In accordance with In re Collyar, Okl. Cr., 476 P.2d 354 (1970), the Court specified the conditions of the suspended sentence.

Among the conditions of the suspended sentence as set out in the formal judgment and sentence was that back child support of $2,050.00 be paid within ten months from the date of judgment and sentence at the rate of $205.00 per month; and, that current child support be paid at the rate of $50.00 per month, commencing November 1, 1969.

The transcript on the Hearing To Revoke Suspended Sentence indicates the trial judge conducted a hearing at time of sentencing and it was only after an evidentiary hearing that the above specified conditions of probation are made a part of the judgment and sentence in the case.

Thereafter, on July 24, 1970, the District Attorney filed an application to revoke suspended sentence which alleged defendant had failed to comply with the conditions of probation specifically imposed upon him by the trial judge in that defendant had failed and neglected to pay child support as ordered by the court at the time of suspending judgment and sentence.

On the 26th day of October, 1970, two days before expiration of the judgment and sentence, the trial court, in presence of defendant and his counsel, conducted an evidentiary hearing. At the close of the hearing on the application to revoke suspended sentence, the trial judge found that defendant had in fact violated the specified conditions of his probation and ordered the suspended sentence be revoked.

The formal 'Order Revoking Suspended Sentence' signed by the trial judge inadvertently recites the formal date of judgment and sentence to be October 14, 1969, the date the plea of guilty was entered.

Defendant therefore contends the trial court was without jurisdiction to enter his order of revocation, asserting, in effect, the date specified in the order of revocation supercedes the original date of judgment and sentence, and by the date set out in the order of revocation, the suspended sentence had expired at the time of the hearing on the Application to Revoke.

The record reflects that when the conflicting dates as set out in the formal judgment and in the Order Revoking was called to the attention of the trial court, the Judge made the following observation:

"As to the other point, the Court feels that the date put in the application by the District Attorney, when it is in conflict with the Court's own records to show that judgment was entered on the 28th of October, that the Court records would prevail rather than the apparent mistake of the District Attorney's office. I don't think that's binding on the Court, so I'll overrule you on that point."

We need only observe that unless the original judgment in the case is corrected by order nunc pro tunc, which was not done in this case, the formal written judgment of the court, reciting the date of

conviction as October 28, 1969, is controlling for it is the best evidence of date of conviction. Stacey v. State, Okl.Cr., 155 P.2d 736.

It therefore follows that the Order Revoking Suspended Sentence was entered before the expiration of the sentence and defendant's first assertion of error is without merit.

Next, defendant questions the judicial power of the trial court to revoke for non-payment of child support payments and contends the conditions relating to the payment of child support and arrearage as conditions of probation, are in fact, civil obligations under the jurisdiction of McClain County where defendant's divorce was obtained. Defendant further asserts that Oklahoma County, therefore, was without judicial power to assess payment of child support payments as a valid condition of his suspended sentence.

In conjunction with the second proposition of error, he maintains that to imprison defendant for a violation of the terms of probation relating to back and future child support payments is violative of the Constitutional prohibition against imprisonment for debt.

In Bohannon v. State, Okl.Cr., 271 P.2d 739, the trial court suspended the sentence and fine of the defendant, who was convicted of Omitting to Provide for a Minor Child, upon condition he pay child support of $50.00 per month and an additional $15.00 per month until all back child support was paid. When defendant advised the court he would not make the payments, the court entered judgment assessing punishment at one year in the county jail and a fine of $200.00, plus costs.

In discussing the power of the court to enter such an order, even though it was not put into execution, this Court said:

"In an exhaustive opinion by Jones, J., in Ex parte Boyd, 73 Okl.Cr. 441, 122 P.2d 162 the statutory provision giving the trial court authority to suspend sentences imposed is considered and the leading cases in various jurisdictions, including the Supreme Court of the United States, are reviewed.

By authority of the Boyd case, if the defendant had agreed to commence the payments of the child support money, and had failed to carry out his agreement, the court could have summarily revoked the suspension of the sentence."

In Ex parte Smith, 76 Okl.Cr. 405, 137 P.2d 259, this Court affirmed the trial court's order revoking a suspended sentence for the sole reason that defendant in Smith, supra, did not pay the sum of $20.00 per month child support.

■ Unquestionably, the trial court has the power to impose the payment of child support payments, both accrued and in futuro, as a condition of a suspended sentence.

■ Even though the divorce had been obtained in McClain County, the District Court of Oklahoma County, when it had jurisdiction of the defendant and subject matter, certainly had the authority to impose upon defendant the obligation for payment of child support payments as condition of a suspended sentence in an Omitting to Provide case.

Cowley v. State, 65 Okl.Cr. 479, 88 P.2d 914, involved a conviction for child abandonment in Oklahoma County when the decree of divorce was obtained in Stephens County. The conviction was affirmed, the Court holding that the divorce decree did not relieve the father from the legal duty to support the child, and that defendant could be properly proceeded against in Oklahoma County.

■■ As to defendant's argument that to revoke the suspended sentence would bring about an unconstitutional imprisonment for debt, we need only refer to Ex parte Smith, supra, Syllabus by the Court, No. 4:

"Where trial court suspends execution of three year sentence for child abandonment and several months later revokes the suspended sentence for failure of defendant to support his minor children,

such action was in the discretion of the trial court, as the failure of defendant to provide the necessities for his minor children was a violation of law (21 O.S. 1941 § 852) and *did not constitute an imprisonment for nonpayment of debt as alleged by petitioner."* (Emphasis added.)

The revoking of a suspended sentence rests largely within the discretion of the trial court, assuming there is competent evidence before him upon which to exercise that discretion. As we have stated in Taylor v. State, Okl.Cr., 392 P.2d 504; and, Valentine v. State, Okl.Cr., 365 P.2d 166:

> "Where the evidence tends in any degree to support the action of the trial court in entering an order revoking an order suspending Judgment and Sentence, the trial court's ruling should not be disturbed."

Finding no errors in the record and no abuse of discretion by the trial judge, the Order Revoking Suspended Sentence is hereby affirmed.

BUSSEY, P. J., concurs.

BRETT, J., dissents.