HECTOR SOLARI, Respondent, *v.* LEON J. VINCENT, as Superintendent of Greenhaven Correctional Facility, et al., Appellants.

Second Department, January 20, 1975.

*Louis J. Lefkowitz, Attorney-General (Carl Saks* and *Samuel A. Hirshowitz* of counsel), for appellants.

*Louis A. Tirelli* for respondent.

MARTUSCELLO, J. This is an appeal from a judgment of the Supreme Court, Dutchess County, which, in a proceeding pursuant to article 78 of the CPLR, directed that the petitioner be afforded a new parole release hearing, with an interpreter, and that the petitioner be furnished with written reasons for the ensuing grant or denial of release on parole. The judgment should be affirmed, without costs.

Pursuant to the dictates of article 8 of the Correction Law, the Board of Parole of the State of New York has been invested with broad discretion in the area of parole release, and it has long been recognized that, in exercising this discretion, the board's determination whether to grant or deny parole "shall be deemed a judicial function and shall not be reviewable if done in accordance with law" (Correction Law, § 212, subd. 10; *People* v. *Fink*, 29 N Y 2d 443; *Matter of Hines* v. *State Bd. of Parole*, 293 N. Y. 254; *People ex rel. Schuster* v. *Vincent,*

42 A D 2d 596). Thus, this court has recently held that so long as the board "does not run afoul of statutory mandates or violate procedural due process, its determinations should remain free from judicial review" (*Matter of Paulsen* v. *New York State Bd. of Parole*, 46 A D 2d 661, 662; see *People ex rel. McNair* v. *West*, 77 Misc 2d 150, 152). Where, however, as here, the allegation is that procedural due process has been violated, it is manifest that an article 78 proceeding will lie (see *Matter of Paulsen* v. *New York State Bd. of Parole, supra*).

Turning to the merits of the petitioner's claim, it is apparent that an inmate possesses no accrual "right" to parole. He does, however, possess an earned "right" to parole release where, in accordance with statute, the board is satisfied that there exists reasonable probability that, if released, he will live and remain at liberty without violating the law, that his release will not be incompatible with the welfare of society and that, upon release, he will become employed in self-sustaining work (Correction Law, §§ 213, 214). Such a statute automatically invests each prisoner with another and further right to equal treatment with all those similarly situated (*Matter of Cummings* v. *Regan*, 76 Misc 2d 137, 141, affd. 45 A D 2d 222; *United States ex rel. Johnson* v. *Chairman, N. Y. State Bd. of Parole*, 363 F. Supp. 416, 417, affd. 500 F. 2d 925).

The interest at stake here, freedom from imprisonment, is fundamental to our jurisprudence, differing in "degree", but not "kind", from that found constitutionally protected in *Morrissey* v. *Brewer* (408 U. S. 471; see *Childs* v. *United States Bd. of Parole*, 371 F. Supp. 1246, 1247; *United States ex rel. Johnson* v. *Chairman, N. Y. State Bd. of Parole, supra*, p. 419). Moreover, it is manifest that "grievous loss" will be suffered if it be arbitrarily denied (see *Morrissey* v. *Brewer, supra*, p. 481). In light of the foregoing, the teaching of *Morrissey* is that at least minimal due process is required (*Morrissey* v. *Brewer, supra*, p. 481) and, under the realities of our present statutory scheme, this translates into "relief against demonstrable discrimination, or abuses of discretion, or the introduction into parole decision-making of illicit considerations" (*United States ex rel. Johnson* v. *Chairman, N. Y. State Bd. of Parole, supra*, p. 418). Effective judicial review of this caliber cannot be had without a statement of reasons relied on in denying parole, for only in this way can the courts be satisfied that the determination is not without foundation in fact, discriminatory, or infected by reference to impermissible factors (*United States ex rel. Johnson* v. *Chairman, N. Y. State Bd. of Parole*,

*supra,* p. 418; see *Matter of Cummings* v. *Regan,* 45 A D 2d 222, 226, *supra*).

No interference with the board's discretion is hereby intended or accomplished. We require merely that the board state, however briefly, the ultimate grounds relied on with sufficient particularity to enable a reviewing court to determine whether inadmissible factors have influenced the decision and whether discretion has been abused (*United States ex rel. Johnson* v. *Chairman, N. Y. State Bd. of Parole, supra,* p. 419; see *Matter of Cummings* v. *Regan,* 45 A D 2d 222, *supra*).

MUNDER, J. (dissenting). The judgment should be reversed and the proceeding dismissed on the merits.

The majority would find that the Board of Parole must give (written) reasons for not granting parole release, on the ground that due process requires it. I cannot agree. Speaking for a unanimous court in *Matter of Briguglio* v. *New York State Bd. of Parole* (24 N Y 2d 21, 26), Judge SCILEPPI stated as follows: "In our view there is simply no constitutional basis for applying the guarantees of the due process clause to a parole release proceeding. The holding of the Supreme Court in *Escoe* v. *Zerbst* (295 U. S. 490) with respect to the source of the rights of a Federal probationer applies equally to the State parolee: The privilege has no basis in the Constitution, it is purely statutory. ' [Parole] comes as a matter of grace to one convicted of a crime, and may be coupled with such conditions * * * as [the Legislature] may impose ' (*Escoe* v. *Zerbst, supra,* pp. 492–493)."

In New York, the Legislature has not seen fit to require the Board of Parole to find facts or state reasons for its conclusions (Correction Law, § 214). The board is only required to examine the prisoner, inquire into his background and then reach a conclusion as to the desirability of granting parole (Correction Law, § 214, subd. 4). Once these steps are taken, any action taken by the board is deemed a judicial function and is not reviewable if done in accordance with law (see *Matter of Hamm* v. *Regan,* 43 A D 2d 344, 346). Thus, at least with respect to the initial decision whether to grant or deny parole, " so long as the Board violates no positive statutory requirement, its discretion is absolute and beyond review in the courts " (*Matter of Hines* v. *State Bd. of Parole,* 293 N. Y. 254, 257).

By its decision at bar, the majority would now impose a requirement which is not contained in any statute or mandated by the due process clause, and thereby subject every board

decision to "review in the courts". I find that unwise and unwarranted.

Hopkins, Acting P. J., and Benjamin, J., concur with Martuscello, J.; Munder, J., dissents and votes to reverse and to dismiss the proceeding, with an opinion, in which Latham, J., concurs.

Judgment of the Supreme Court, Dutchess County, dated March 18, 1974, affirmed, without costs.