■ In the Matter of KENNETH McMOORE, Respondent, v PAUL REGAN, as Chairman of the New York State Board of Parole, Appellant. In the Matter of ARCHIE NICHOLSON, Respondent, v PAUL REGAN, as Chairman of the New York State Board of Parole, et al., Appellants. In the Matter of LARRY TINSLEY, Respondent, v PAUL REGAN, as Chairman of the New York State Board of Parole, et al., Appellants.—Three judgments of the Supreme Court, Dutchess County, all dated November 21, 1974, affirmed, without costs. Martuscello, Acting P. J., concurs on the authority of *Solari v Vincent* (46 AD2d 453). Cohalan, Christ, Munder and Shapiro, JJ., concur on constraint of *Solari v Vincent (supra)*. [79 Misc 2d 795.]

■ In the Matter of SANDS POINT NURSING HOME, Respondent, v HOLLIS S. INGRAHAM, as Commissioner of Health of the State of New York, et al., Appellants.—In a proceeding pursuant to CPLR article 78 *inter alia* for a declaration that a certain regulation is void and to review a determination fixing petitioner's Medicaid reimbursement rate, the appeal is from a judgment of the Supreme Court, Nassau County, entered December 14, 1973, which granted the petition to the extent that it (1) adjudged that appellants' application of 10 NYCRR 86.32 was arbitrary and capricious and that the standard to be applied must be announced in advance, (2) determined that petitioner is entitled to the same method of rate reimbursement that was in existence on the date of its purchase of the facility and (3) referred the matter to appellants to recalculate the costs for the year 1971 and the years thereafter. Judgment reversed, on the law, with $20 costs and disbursements, determination confirmed, and petition dismissed on the merits. The subject nursing home was built in 1965 at a cost of $765,269. In 1971 the facility (including land) was sold to its present owner for $2,145,-000. In our opinion, the Medicaid reimbursement rate thereafter fixed by the appellant State Commissioner of Health for the new owner's property cost factor was authorized and consistent with the mandate of subdivision 3 of section 2807 of the Public Health Law, which provides that rates be "reasonably related to the costs of efficient production of such service." That determination was reasonable, was authorized by statute, and should not be disturbed *(Matter of Sigety v Ingraham,* 29 NY2d 110). Martuscello, Acting P. J., Latham, Cohalan, Christ and Munder, JJ., concur.