T. P. JERRY, Jr., Petitioner,

v.

The PARDON AND PAROLE BOARD of the State of Oklahoma et al., Respondents.

No. H–75–693.

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1976.

T. P. Jerry, Jr., pro se.

Larry Derryberry, Atty. Gen., Kay Karen Kennedy, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Presiding Judge:

This is an original proceeding in which T. P. Jerry, Jr., petitioner pro se, seeks an order of this Court directing the Oklahoma Pardon and Parole Board to furnish each unsuccessful applicant for parole a written statement of the reasons why the Board failed to recommend him for parole. Jerry is an inmate at the State penitentiary at McAlester serving a term of imprisonment of seventy-five (75) years imposed in September, 1970, after his conviction of the crime of Robbery With Firearms, After Former Conviction of a Felony, upon a retrial of his case following a reversal of an earlier conviction. The pleading which he has filed in this Court is denominated "Petition for Writ of Habeas Corpus," and in it he seeks, as alternative relief, his immediate release from custody. The response filed by the Attorney General of the State of Oklahoma submits that because of the nature of the relief actually sought in this proceeding and because petitioner does not challenge the legality of his incarceration, the pleading which he has filed pro se must be construed to be a petition for writ of mandamus. We agree.

The question which this petition raises about the duty of a board of pardon and parole to provide an unsuccessful applicant with a written statement of reasons for the denial of a parole has been considered by·a

number of federal and state courts in recent years. It appears that the clear trend of decision in this area is to require such a board to provide reasons for denial of parole. See, e. g., *Childs v. United States Board of Parole*, 167 U.S.App.D.C. 268, 511 F.2d 1270 (1974); *Cook v. Whiteside*, 505 F.2d 32 (5th Cir. 1974); *Mower v. Britton*, 504 F.2d 396 (10th Cir. 1974); *United States ex rel. Johnson v. Chairman, N.Y. St. Bd. of P.*, 500 F.2d 925 (2nd Cir. 1974); *King v. United States*, 492 F.2d 1337 (7th Cir. 1974); *Fischer v. Cahill*, 474 F.2d 991 (3rd Cir. 1973); *Solari v. Vincent*, 46 A.D.2d 453, 363 N.Y.S.2d 332 (1975); *In re Sturm*, 11 Cal.3d 258, 113 Cal.Rptr. 361, 521 P.2d 97 (1974); *State v. Goulette*, 65 Wis.2d 207, 222 N.W.2d 622 (1974); *Moore v. Florida Parole and Probation Commission*, 289 So.2d 719 (Fla. 1974); *Monks v. New Jersey State Parole Board*, 58 N.J. 238, 277 A.2d 193 (1971).

The Oklahoma Pardon and Parole Board created by Art. 6, § 10, of the Oklahoma Constitution is empowered to recommend to the governor that an applicant before it be granted parole. That recommendation is advisory only and does not bind the governor. 57 O.S.1971, § 332.2. The Pardon and Parole Board is specifically excluded from the operation of the Oklahoma Administrative Procedures Act. 75 O.S.1971, § 301.

■ We do not reach the merits of the question of whether such a board must provide reasons for denial of parole because we have determined that we are without jurisdiction in this matter.

■ The Court of Criminal Appeals is a court of special jurisdiction limited in the exercise of its power to criminal cases. Its original jurisdiction is limited to the issuance, in proper cases, of writs of habeas corpus. Exercise of power in other cases must be by virtue of its appellate jurisdiction. A writ of mandamus can issue only in exercise of or in aid of the appellate authority of this Court. See, 20 O.S.1971, § 41; *Wyatt v. Wolf*, Okl.Cr., 324 P.2d 548,

552; *Hurst v. Pitman*, 90 Okl.Cr. 329, 213 P.2d 877; *Ex parte McCollum*, 90 Okl.Cr. 153, 212 P.2d 161; *State v. Cole*, 4 Okl.Cr. 25, 109 p. 736. We have held that a writ of mandamus directed to a State officer or board is an exercise of original jurisdiction beyond the power of this Court. See, *Ex parte McCollum*, supra; *Petition of Leaser*, 89 Okl.Cr. 351, 207 P.2d 365.

For the foregoing reasons, the petition filed herein fails to invoke the jurisdiction of this Court and is therefore *dismissed*.

BUSSEY and BLISS, JJ., concur.