Jimmy Louis PHILLIPS, Petitioner,

v.

Bill WILLIAMS et al., Respondents.

No. 51721.

Supreme Court of Oklahoma.

April 25, 1978.

Rehearing Denied Nov. 13, 1978.

---

Merton M. Bulla, Bulla, Horning & Johnson, Oklahoma City, for petitioner.

Larry Derryberry, Atty. Gen. of Okl., Harold B. McMillan, Jr., Asst. Atty. Gen., Oklahoma City, for respondents.

DOOLIN, Justice:

Petitioner Jimmy Louis Phillips, incarcerated in the Oklahoma State Penitentiary, is seeking relief by this special application asking this court to require the Pardon and Parole Board to furnish a written statement of the reasons he has been denied a recommendation for parole.

Petitioner originally sought relief from the Court of Criminal Appeals in November of 1977. That court refused to reach the merits of his petition denying it had jurisdiction to hear the application by virtue of *Jerry v. Pardon and Parole Board*, 546 P.2d 650 (Okl.Cr.1976). In *Jerry* the same request for a written statement from the Pardon and Parole Board was presented to the Oklahoma Court of Criminal Appeals which held it had no power to issue a writ of mandamus to any administrative body.[1]

1. Petitioner also joined with another inmate in filing an action in the United States District Court for the Eastern District of Oklahoma as a civil rights' action under 42 U.S.C. § 1983. That action was against the Correction Review Committee (CRC), not the Pardon and Parole Board. The federal court, while dismissing the action by an unpublished order, stated, "It is now settled that a prisoner is entitled to a brief statement of the reasons for parole board's denial of parole". (Citations omitted). Court based its dismissal on fact that action was brought against CRC rather than Parole Board. The tenth circuit affirmed by order stating it agreed with statements expressed by federal district court; see *Livebarger and Phillips v. Williams*, # 77–8113, March 17, 1978.

Petitioner was placed on the March 1977 parole docket by the Correctional Review Committee (CRC) in October of 1976. He was subsequently removed from consideration by the Pardon and Parole Board (Board). In the present application petitioner seeks to require Board to state its reasons for his removal from the parole docket and thus his denial of parole.

■ In Oklahoma the power to grant parole lies solely with the governor. The governor considers for parole only those inmates recommended to him by the Board. According to the Board's rules, an inmate may be placed on the docket for consideration of parole in three ways: (1) under Forgotten Man Act 57 O.S.1971 § 332.7 which requires that an inmate must be considered for parole upon completion of ⅓ of his maximum sentence or 15 years; (2) by a member of the Board; or (3) through a recommendation by the CRC.

The CRC is a committee established under the Division of Community Services by the authority of 57 O.S.1977 Supp. § 514[2] to provide effective and efficient services to prison inmates and to the Board respecting parole.[3] In addition to reviewing and making recommendations regarding inmates routinely at the completion of ⅓ of their sentences, the CRC also recommends inmates be placed on the parole docket based on other criteria established as bases for a recommendation of parole.

In petitioner's case the CRC initially notified him it had recommended to Board that he be considered for parole and placed on the docket. He was subsequently notified he had been removed from the docket by the Board. Petitioner claims this is tantamount to a denial of parole by the Board for which it should be required to give reasons.

The Board is expressly excluded from the Oklahoma Administrative Procedures Act, 75 O.S.1971, § 301 et seq. and thus its requirements of findings of fact and conclusions of law. Any right of petitioner to the requested statements must come through constitutional due process.

In *Jerry v. Pardon & Parole Board, supra,* while not reaching the merits of the question, the Court of Criminal Appeals recognized the clear trend of decisions requires the Board to give its reasons for denial of parole to an inmate, citing:

*Childs v. United States Board of Parole,* 167 U.S.App.D.C. 268, 511 F.2d 1270 (1974); *Cook v. Whiteside,* 505 F.2d 32 (5th Cir. 1974); *Mower v. Britton,* 504 F.2d 396 (10th Cir. 1974); *United States ex rel. Johnson v. Chairman, N.Y. St. Bd. of P.,* 500 F.2d 925 (2nd Cir. 1974) [vacated as moot *Regan v. Johnson,* 419 U.S. 1015, 95 S.Ct. 488, 42 L.Ed.2d 289 (1974)]; *King v. United States,* 492 F.2d 1337 (7th Cir. 1974); *Fischer v. Cahill,* 474 F.2d 991 (3rd Cir. 1973); *Solari v. Vincent,* 46 A.D.2d 453, 363 N.Y.S.2d 332 (1975); *In re Sturm,* 11 Cal.3d 258, 113 Cal.Rptr. 361, 521 P.2d 97 (1974); *State v. Goulette,* 65 Wis.2d 207, 222 N.W.2d 622 (1974); *Moore v. Florida Parole and Probation Commission,* 289 So.2d 719 (Fla.1974); *Monks v. New Jersey State Parole Board,* 58 N.J. 238, 277 A.2d 193 (1971).

The majority of these cases hold although the full range of constitutional rights do not apply to parole decisions, minimal due process in required. For example in *Childs v. United States Board of Parole, supra,* the circuit court held federal prisoners were entitled to a written statement of reasons for a denial of parole in order to assure the validity of the parole procedure. In *Fischer v. Cahill, supra,* a New Jersey applicant was held entitled to a statement of reasons for

---

**2.** 57 O.S.1977 Supp. § 514 provides:

"The Division of Community Services shall:
a. . . .
b. Make investigations and inquiries as to prisoners at the institutions who are to be, or who might be, considered for parole or other clemency;

. . . .

**3.** The reference to CRC in rules of Board is found at 57 O.S.1977 Supp. Ch. 7, App. under "Hearings".

"No formal application for a parole hearing is required. Any type of written request, letter,

memorandum or otherwise; made to the Office of Division of Probation and Parole, or to any member of the Pardon and Parole Board, or to any duly authorized official to transmit such message to the proper officials will suffice. A subject may be placed on the "Docket" for consideration of parole, commutation, leave, or clemency by (1) Recommendation of the Corrections Review Committee, subject to final approval of the Board, or (2) Any member of the Board. . . ."

denial of parole under 42 U.S.C. § 1983 of the Civil Rights Act. The second circuit, in *Johnson v. Chairman, N.Y. St. Board of Parole, supra,* based on due process held inmates must be given a statement by the Board, including the grounds for its decision and the essential facts upon which its inferences were based.

State courts have also joined in making such a requirement. *Monks v. New Jersey State Parole Board, supra,* found a rule by the New Jersey Board that it would not reveal the basis for denial of parole was invalid. The court stated that rule must be replaced by a rule "designed generally toward affording statements of reasons of parole denials . . . ." In accord are *In re Sturm, supra,* and *Solari v. Vincent, supra.* Wisconsin requires a record be kept of parole hearings and judicial review provided by a writ of certiorari to the committing court, *State v. Goulette, supra.* See also *Barr v. United States,* 415 F.Supp. 990 (W.D.Okl.1976).

■ A prisoner is not wholly stripped of constitutional protections when he is imprisoned for a crime. No iron curtain is drawn between the Constitution and the inmates of prisons in this country.[4] Consideration for parole is an aspect of liberty to which at least minimal due process must extend.[5] By requiring the Board to confront an inmate with its decision and the reasons behind it, a sense of fairness and openness is created essential to promoting a perception of parole as a system which does not make sub rosa judgments based on vague and punitive reasoning. It has been said, government action must not only be fair, it must *appear* to be fair.[6] We agree that, "one of the best procedural protections against arbitrary exercise of discretionary power lies in the requirement of findings and reasons that appear to reviewing judges to be rational."[7]

■ We must emphasize the question propounded is not the right to parole. No such "right" exists. However, an inmate certainly has the "right" to fair treatment in the granting or withholding of parole. Thus the question is whether there is a

right to minimal procedural due process in consideration of parole. We believe there is. This must necessarily include a right to know why an inmate is refused parole by the Board, most particularly in a case such as this where petitioner was notified that the CRC recommended his consideration and then for some reason unknown to him and unascertainable by inquiry, he was removed from consideration.

Certainly the overall effect of apprising an inmate of the reasons for denial would be beneficial to him in that he could then make an attempt to conform or satisfy the absent criteria prior to his again making application for parole.

The Attorney General apparently does not argue with the authorities holding an inmate is entitled to reason for denial of parole. He attempts to distinguish petitioner's situation where he has been *removed* from the parole docket or *refused placement* on the docket after a recommendation by CRC. He submits by removing petitioner's name from the docket, the Board has *not considered* petitioner for parole, therefore could not have *denied* him a parole for which it should be prepared to give written reasons. He argues no prisoner who has served less than ⅓ of his sentence or 15 years must be considered for parole.

We do not believe these different standards should apply. Otherwise the Board could conceivably circumvent the requirement of a statement of reasons for denial of parole by simply removing an inmate's name from the docket. Board provides for three enumerated methods of obtaining consideration for parole. Petitioner received the required recommendation by the CRC to place him on the docket. Once an inmate is placed on the docket, he has an expectation of parole. The manner in which such inmate is denied parole, which here involved a removal from the docket after a favorable recommendation by the CRC, should not control. We therefore hold petitioner is entitled to a statement of the reasons for his removal from the March 1977 parole docket.

4. *Wolff v. McDonnell,* 418 U.S. 539, 555, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974).

5. *Bradford v. Weinstein,* 519 F.2d 728 (4th Cir. 1974) vacated as moot 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975).

6. O'Leary and Nuffield "Parole Decision—Making Characteristics: Report of a National Survey", 8 Crim.L.Bull. 651, 665 (1972).

7. *Monks v. State Board of Parole,* 58 N.J. 238, 277 A.2d 193, 196 (1971).

This is not to say that the inmate is entitled to a formal finding and detailed reasons for denial of a recommendation of parole. A concise and honest reason, couched in brief but informative language will suffice.

WRIT OF MANDAMUS ISSUED.

DAVISON, WILLIAMS, IRWIN, BERRY and SIMMS, JJ., concur.

LAVENDER, V. C. J., and BARNES, J., dissent.