The OKLAHOMA PUBLISHING COMPANY, a corporation, Petitioner,

v.

The Honorable Floyd MARTIN, Judge of the District Court for the Seventh Judicial District, Canadian County, Oklahoma, Respondent.

No. O–80–268.

Court of Criminal Appeals of Oklahoma.

May 5, 1980.

### ORDER DENYING PETITION FOR WRIT OF PROHIBITION AND/OR MANDAMUS

On April 24, 1980, the Petitioner filed in this Court its Application to Assume Original Jurisdiction and Petition for alternative Writ of Prohibition and/or Mandamus and Brief in support thereof. The Petitioner seeks to prohibit the Respondent judge from closing any further sanity hearings to the public under the authority of 43A O.S. Supp.1979, § 54.1H, where criminal charges are pending against the subject of the hearing. Additionally, a Writ of Mandamus is sought mandating the Respondent to provide the public and the press with immediate access to a complete transcript of the closed sanity hearing held April 10, 1980, in the District Court of Canadian County, Oklahoma, in a case styled *State of Oklahoma v. Steven Keith Hatch and Glen Burton Ake*, No. CRF–79–302, 303, 304, and 305. Petitioner further asks that we require the trial judge to open all court files in Canadian County Case No. PMH–80–8.

We do not attempt to pass on the question of whether the Respondent acted correctly or incorrectly in holding a closed sanity hearing. We would observe that neither of the parties to the litigation, the State of Oklahoma nor the defendant Ake, requested a closed sanity hearing or objected to the court's closure order. Subsequently, the Petitioner was allowed to appear and object to the closed proceedings.

■ Pursuant to Rule 1.25, 22 O.S. Supp.1979, Ch. 18, App., Rules of the Court of Criminal Appeals, we will entertain ap-

**254**

plications only in aid of our appellate jurisdiction when the action arises out of criminal matters within the jurisdiction of this State. 20 O.S.1971, §§ 40, 41; *Carder v. Court of Criminal Appeals*, Okl., 595 P.2d 416 (1978); *Johns v. Hess*, Okl.Cr., 546 P.2d 652 (1976); and *Jerry v. Pardon and Parole Board*, Okl.Cr., 546 P.2d 650 (1976). This matter not being in aid of our appellate jurisdiction, coupled with the fact that the Petitioner is not a party to the litigation in Case No. CRF–79–302 compels us to deny the relief requested.

NOW THEREFORE, after considering the pleadings and brief filed herein, and being fully advised in the premises, and recognizing that the Court of Criminal Appeals is a court of special and limited jurisdiction, and further recognizing that this Court has no general superintending control over inferior courts and can issue writs of prohibition and mandamus only in the exercise or aid of our appellate jurisdiction (See *Carder v. Court of Criminal Appeals*, supra) this Court finds that the Writ of Prohibition and/or Mandamus should not issue.

IT IS SO ORDERED.

WITNESS OUR SIGNATURES, AND THE SEAL OF THIS COURT, this 5th day of May, 1980.

/s/ TOM R. CORNISH,
Presiding Judge

/s/ TOM BRETT,
Judge

/s/ HEZ J. BUSSEY,
Judge