Billy Verlin BEWLEY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. O–84–377.

Court of Criminal Appeals of Oklahoma.

July 23, 1987.

Rehearing Denied Aug. 20, 1987.

---

**30**

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., and Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Billy Verlin Bewley, pled guilty to Transporting a Loaded Firearm in a Motor Vehicle (21 O.S.1981, § 1289.13) (Count I), and Carrying a Weapon (21 O.S. 1981, § 1272) (Count II), in Stephens County District Court, in Case No. CRM–83–22, before the Honorable Jari Askins, Special Judge. Judge Askins sentenced appellant to 180 days on each count to run consecutively, with the entire sentence suspended. The State filed an application to revoke the suspended sentence on Count II on February 15, 1984, and the revocation hearing was conducted on March 23, 1984.

Briefly stated, the trial court found that the State proved by a preponderance of the evidence that Mr. Bewley violated the conditions of his suspended sentence by committing a misdemeanor assault and battery upon his former attorney. In his first assignment of error, appellant argues that the trial court lacked jurisdiction to revoke his suspended sentence because the application to revoke was filed after the period of the suspended sentence had expired. We agree. Both the State and the appellant agree that the application to revoke was filed on February 15, 1984. The State contends that Judge Askins sentenced the appellant to six (6) months on each count in CRM–83–22 to run consecutively beginning February 16, 1983. Thus, the State argues that the two sentences did not terminate until February 16, 1984, and the application to revoke filed on February 15, 1984, was timely. The State's argument is based on the summary of facts for the guilty plea which states that the plea agreement is "6 months suspended" on each count, and the order of the court was "6 months suspended" on each count to run consecutively.

Appellant, on the other hand, correctly points out that the original judgment and sentence states that appellant was to serve "180 days from February 16, 1983" on both counts. Thus, the appellant argues that appellant's 180–day suspended sentence on Count I expired on August 15, 1983, and the 180–day suspended sentence on Count II expired on February 11, 1984, four (4)

days before the application to revoke was filed. In summary, the appellant contends that the trial court conducted the revocation process upon the incorrect assumption that the suspended sentence on Count II had been for six (6) months as stated in the application to revoke and the summary of facts on the guilty plea, instead of 180–days as specified in the original formal judgment and sentence.

It is clear that a trial court has jurisdiction, that is, the judicial power and authority to hear and determine the issue of revocation, only if an application to revoke the suspended sentence is filed before the expiration of the sentence. *See Crowels v. State*, 675 P.2d 451, 453 (Okl.Cr. 1984); *Degraffenreid v. State*, 599 P.2d 1107, 1109 (Okl.Cr.1979). Based on the foregoing, the issue becomes whether the six (6) month sentence recited in the summary of facts on the guilty plea or the 180–day sentence recited in the formal original judgment and sentence is controlling. In *Jackson v. State*, 497 P.2d 475, 476–77 (Okl.Cr.1972), this Court held that "unless the original judgment in the case is corrected by order nunc pro tunc, which was not done in this case, the formal written judgment of the court ... is controlling for it is the best evidence...." This Court finds that *Jackson* states the applicable rule and, insofar as the original judgment and sentence recited the sentence as 180–days as opposed to six (6) months, the judgment and sentence is controlling on this issue.

Accordingly, the application to revoke was filed four days after the expiration of the appellant's suspended sentence and the trial court was without jurisdiction to revoke appellant's completed sentence. On the basis of the foregoing, the revocation order is hereby REVERSED and RE-MANDED with instructions to DISMISS.

BRETT, P.J., concurs.

BUSSEY, J., dissents.