Thomas Kent **MULLINS**, Appellant,

v.

**The STATE of Oklahoma, Appellee.**

**No. O–90–0854.**

Court of Criminal Appeals of Oklahoma.

April 2, 1991.

### ORDER

Appellant entered a plea of guilty August 17, 1988, to Driving Under the Influence of Alcohol in the District Court of Woodward County, Case No. CRM–88–77, and was sentenced on Count One to imprisonment in the County Jail of Woodward County for a period of 365 days from August 17, 1988, plus payment of costs of $161.00 and VCA of $10.00, with the sentence suspended on conditions of probation. The State filed an application to revoke the suspended sentence August 17, 1989, alleging Appellant had failed to pay fines and court costs as ordered in the judgment and sentence. The District Court revoked ninety (90) days of Appellant's suspended sentence, and Appellant has appealed to this Court.

Pursuant to 22 O.S.Supp.1990, Ch. 18, App., *Rules of the Court of Criminal Appeals*, Rule 11.2, this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions or issues were presented to this Court in oral argument March 14, 1991, pursuant to Rule 11.5(c). At the conclusion of oral argument, the Court took the matter under advisement.

 The Trial Court has the judicial power and authority to hear and determine the issue of revocation of a suspended sentence only if the application to revoke is filed before the expiration of the sentence. *Bewley v. State*, 742 P.2d 29 (Okl.Cr.1987). The issue before this Court is whether the date of pronouncement of the judgment and sentence is included in the computation to determine the date of termination of the sentence. We find that the computation of the number of days began with August 17, 1988, and, therefore, the District Court lacked jurisdiction to revoke Appellant's suspended sentence which had expired at the time of the State's application to revoke.

The rules and conditions of probation imposed by the Trial Court became effective immediately upon the imposition of sentencing. If Appellant had violated any rule or condition of probation the day of sentencing, after imposition of sentence, he would have been subject to revocation of his suspended sentence. Day one, therefore, concluded at midnight August 17, 1988, and day two began August 18, 1988. With August 17, 1988, counted as the first day, August 16, 1989, is the 365th day. The general rule for computation of time where the day from which the designated period of time begins to run is not included and the last day of the period is included, would subject Appellant to 366 days of probation. Accordingly, the application to revoke was filed one day after the expiration of Appellant's suspended sentence and the Trial Court was without jurisdiction to revoke Appellant's completed sentence.

IT IS THEREFORE THE ORDER OF THIS COURT, by a four to zero vote, that the revocation order of the District Court of Woodward County, Case No. CRM–88–77, should be, and the same hereby is, REVERSED and REMANDED with instructions to DISMISS. This order addresses only the method of computation of time for determining the termination of a suspended sentence. The general rule of computation of time as given in Rule 1.4, 22 O.S.Supp.1989, Ch. 18, App., *Rules of the Court of Criminal Appeals*, and procedural computations of time throughout Title 22 of the Oklahoma Statutes, remain unaffected.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE, Presiding Judge
/s/ Tom Brett
TOM BRETT, Judge
/s/ Ed Parks
ED PARKS, Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge