Dear State Senator Brecheen,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Article VI, Section 10 of the Oklahoma Constitution vests the Governor with the exclusive power to grant or deny parole. Are the provisions of H.B. 2131, [1] which deem parole for certain categories of offenses automatically approved if the Governor does not act on the parole recommendation within thirty days, constitutional in light of Okla. Const. art. VI, § 10?
 Introduction
¶ 1 Oklahoma's parole system is established at Article VI, Section 10 of the Oklahoma Constitution. That provision creates distinct roles for the Governor, the Pardon and Parole Board, and the Legislature in the parole process.
A. The role of the Governor
¶ 2 The portion of Okla. Const. art. VI, § 10 explaining the Governor's role in the parole process states, in pertinent part:
 The Governor shall have the power to grant, after conviction and after favorable recommendation by a majority vote of the said Board, commutations, pardons and paroles of all offenses, except cases of impeachment, upon such conditions and with such restrictions and limitations as he may deem proper, subject to such regulations as may be prescribed by law. Provided, the Governor shall not have the power to grant paroles if a convict has been sentenced to death or sentenced to life imprisonment without parole. . . . The Governor shall have power to grant after conviction, reprieves, or leaves of absence not to exceed sixty (60) days, without the action of said Board.
Id. This provision grants the Governor the exclusive power to grant parole and does not place a time limit on the Governor to act on recommendations for parole.
B. The role of the Pardon and Parole Board
¶ 3 The Pardon and Parole Board ("Board") was created by constitutional amendment in 1944[2] and the Board's role is described at Okla. Const. art. VI, § 10. The provision relevant to the Board states:
 There is hereby created a Pardon and Parole Board to be composed of five members; three to be appointed by the Governor; one by the Chief Justice of the Supreme Court; one by the Presiding Judge of the Criminal Court of Appeals or its successor. An attorney member of the Board shall be prohibited from representing in the courts of this state persons charged with felony offenses. The appointed members shall hold their offices coterminous with that of the Governor and shall be removable for cause only in the manner provided by law for elective officers not liable to impeachment. It shall be the duty of the Board to make an impartial investigation and study of applicants for commutations, pardons or paroles, and by a majority vote make its recommendations to the Governor of all deemed worthy of clemency. Provided, the Pardon and Parole Board shall have no authority to make recommendations regarding parole for convicts sentenced to death or sentenced to life imprisonment without parole.
Id. (emphasis added). Thus, the Pardon and Parole Board's role is to study applicants and make a recommendation to the Governor of those worthy of clemency. The Oklahoma Court of Criminal Appeals has specifically held that the Pardon and Parole Board's recommendation is advisory only and not binding on the Governor. Jerry,Jr. v. Pardon Parole Bd.,546 P.2d 650, 652 (Okla. Crim. App. 1976).
C. The role of the Legislature
¶ 4 The Legislature's involvement in the parole process is limited by the Constitution. Article VI, Section 10 of the Constitution authorizes the Legislature's involvement in two instances. In the first instance, the Governor has the power to grant parole "subject to such regulations as may be prescribed by law." Id. In the second instance, the Governor is to "communicate to the Legislature, at each regular session, each case of reprieve, commutation, parole or pardon, granted, stating the name of the convict, the crime of which he was convicted, the date and place of conviction, and the date of commutation, pardon, parole and reprieve." Id.
¶ 5 The language that paroles are "subject to such regulations as may be prescribed by law" has been interpreted to authorize the Legislature to provide how applications may be made. Id. The Legislature's limited role was discussed over one hundred years ago inEx parte Ridley, 106 P. 549, 551 (Okla. Crim. App. 1910), when, in discussing the provision in the context of pardons, the court stated:
 Under our Constitution the pardoning power is vested exclusively in the Governor of the state, and any law which restricted this power would be unconstitutional and void. The co-ordinate departments of the government have nothing to do with the pardoning power, except that the Legislature may by law provide how applications may be made, and is entitled to a report at each regular session of the action taken.
Id. (emphasis added). Although the constitutional provision has been amended a number of times since 1910 no amendments have altered the Legislature's role, and no court has expanded the Legislature's role beyond that discussed in Ridley. Id.
 The 2011 Legislative Amendment to
57 O.S. 2001, § 332.16[57-332.16]
¶ 6 This past legislative session, the Oklahoma Legislature amended 57 O.S. 2001, § 332.16[57-332.16] as follows:
 A No recommendation to the Governor for parole shall remain under consideration and in the possession of that office for a time longer than thirty (30) consecutive calendar days. Except as provided for in subsection B of this section, if upon expiration of the thirty-day time period no action is taken by the Governor to grant or deny parole, the recommendation for parole shall be deemed granted.
 B. The Governor shall be required to review each parole recommendation and shall grant or deny parole for persons convicted of the following crimes[.]
2011 Okla. Sess. Laws ch. 218, § 5.
¶ 7 The Legislature then listed 53 crimes for which the Governor is required to review each parole recommendation.Id. § 5(B)(1)-(53). The listed offenses are those offenses classified as violent offenses. See id.
¶ 8 With this amendment, the Legislature placed a time limit on the Governor in which to act on certain parole recommendations. The consequence of a failure to act within thirty (30) calendars days is that parole is automatically granted as to offenses other than those listed at subsection (B)(1)-(53). Id. § 5(A).
¶ 9 You ask whether this amendment, providing for an automatic grant of parole upon the expiration of thirty (30) days, is constitutional. We conclude that it is not. By providing that a parole for certain offenses is granted if the Governor does not act within thirty days, the Legislature has placed the Pardon and Parole Board in the position of not only recommending parole but also granting parole. This is inconsistent with Okla. Const. art. VI, § 10, which grants the Pardon and Parole Board only the power to recommend parole and places the responsibility of granting parole solely in the hands of the Governor.
¶ 10 The law in Oklahoma is clear that the Oklahoma Constitution does not authorize the granting of parole without an affirmative act by the Governor. The decision of whether to grant parole restsexclusively with the Governor. Swart v. State,720 P.2d 1265, 1270-71 (Okla. Crim. App. 1986) (stating the power to grant parole is exercised solely by the Governor); Ex parteSmith, 137 P.2d 259, 261 (Okla. Crim. App. 1943) (holding the power to grant parole is vested exclusively in the Governor). In Wright v.Page, 414 P.2d 570, 573 (Okla. Crim. App. 1966), the Oklahoma Court of Criminal Appeals specifically held that the Pardon and Parole Board cannot grant a parole on its own action.
¶ 11 Further, the Legislature may not restrict or interfere with the exclusive gubernatorial power to grant parole. In Ex Parte Smith,137 P.2d 259, 261 (Okla. Crim. App. 1943), the Oklahoma Court of Criminal Appeals stated:
 Under the provision of Section 10, Article 6, Oklahoma Constitution, the power to grant reprieves, commutations, paroles and pardons is vested exclusively in the Governor. Any attempt on the part of the Legislature to infringe upon this right of the Governor or to delegate the same to a court or other body would be unconstitutional. Such a statute could have no more effect than to be a declaration of legislative policy which might be followed by the Governor or ignored by him.
Id. (emphasis added).
¶ 12 The Legislature's limited role was further explained in, In reKeith, 482 P.2d 942, 944-45 (Okla. Crim. App. 1971), when the Legislature attempted to grant the Director of the Department of Corrections the authority to grant conditional release in the nature of parole. The court found the Legislature was "without constitutional authority to add to the provisions of Article VI, § 10 of the Oklahoma Constitution." Id.
¶ 13 The 2011 amendment to 57 O.S. 2001, § 332.16[57-332.16](A) constitutes an infringement on the Governor's exclusive prerogative to grant parole as it authorizes an entity other than the Governor to grant parole and places a time limit on the Governor to act on parole recommendations when no such limitation is authorized by the Constitution. It is, therefore, unconstitutional. An Opinion by the Attorney General declaring an act unconstitutional is advisory only and not binding on state officials until finally determined by an action in district court.State ex rel York v. Turpen, 681 P.2d 763, 767 (Okla. 1984).
 ¶ 14 It is, therefore, the official Opinion of the Attorney General that:
 1. Article VI, Section 10 of the Oklahoma Constitution creates distinct roles for the Governor, the Pardon and Parole Board and the Legislature in the parole process. The Constitution vests the power to grant parole exclusively in the Governor of Oklahoma. Okla. Const. art. VI, § 10.
 2. The provisions of 2011 Okla. Sess. Laws ch. 218, § 5, to be codified at 57 O.S. 2011, § 332.16[57-332.16](A), provide that, for certain offenses, the recommendation for parole by the Oklahoma Pardon and Parole Board is deemed granted if the Governor does not act on the recommendation within thirty (30) consecutive calendar days.
 3. The 2011 amendment, to be codified at 57 O.S. 2011, § 332.16[57-332.16](A), is unconstitutional as it violates Okla. Const. art. VI, § 10 by authorizing parole to be granted upon a recommendation by the Pardon and Parole Board without an affirmative act by the Governor.
 4. The 2011 amendment, to be codified at 57 O.S.Supp. 2011, § 332.16[57-332.16](A), is unconstitutional as it constitutes a legislative restriction or infringement on the exclusive power of the Governor to grant parole by placing a time limit on the Governor to act when the Constitution authorized no such restriction.
E. SCOTT PRUITT Oklahoma Attorney General
SANDRA D. RINEHART Senior Assistant Attorney General
[1] See 2011 Okla. Sess. Laws ch. 218, § 5 (amending 57 O.S. 2001, § 332.16[57-332.16], effective Nov. 1, 2011).
[2] Amendment proposed by S.J.R. No. 10, Laws 1943, p. 341.Available at
https://www.sos.ok.gov/documents/questions/309.pdf.