W. Vincent Grady, j.
Petitioner, a Chilean citizen, was sentenced to a term of up to nine years for the crime of criminal possession of dangerous drugs in the third degree. In this article 78 proceeding, he claims that the Parole Board did not give a reason for denial of parole and failed to provide an interpreter at his parole release hearing.
It is significant that no claim is made that the decision of the Parole Board in denying parole should be reviewed by this court, but merely that reasons be set forth by the Parole Board for the denial of petitioner’s release on parole. The New York Court of Appeals has held that as long as the Parole Board violates no positive statutory requirement, its discretion is absolute and beyond review in the courts (Matter of Hines v. State Board of Parole, 293 N. Y. 254, 257; People ex rel. Schuster v. Vincent, 42 A D 2d 596, 597). There is no challenge by petitioner as to the discretion of the Parole Board in denying parole nor does he seek a judicial review. Therefore, the holding in Himes and Schuster does not preclude' this court from determining whether the Parole Board in denying parole was required to set forth reasons for such denial.
Section 213 of the Correction Law provides that discretionary release on parole will be granted “ only if the. board of parole *55 is of opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society ’ \
Section 214 of the Correction Law provides for the method of release and requires that the Parole Board cause to be brought before it certain information with regard to the prisoner eligible for parole at stated intervals and prescribes the type of reports and information that the board should consider.
While there are basic differences between parole release and parole revocation, due process considerations are applicable to both (United States ex rel. Johnson v. Chairman, N. Y. S. Board of Parole (363 F. Supp. 416; Matter of Cummings v. Regan, 76 Misc 2d 137; Matter of Hamm v. Regan, 43 A D 2d 344; Matter of Cummings v. Regan, 76 Misc 2d 357; United States ex rel. Woods v. Regan, — F. Supp. — [United States Dist. Ct., Eastern Dist. of New York, Judge Orrin G-. Judd, District Judge, decision dated March 20, 1973]).
The Court of Appeals has recently expanded a parolee’s rights to the extent of holding that he is entitled to counsel at a parole revocation hearing (People ex rel. Menechino v. Warden, 27 N Y 2d 376). At the close of his opinion, Judge Fuld, speaking for the majority of the court, observed: “ the parole system is an enlightened effort on the part of society to rehabilitate convicted criminals. Although few circumstances could better further that purpose than a belief on the part of such offenders in a fair and objective parole procedure, hardly anything could more seriously impede progress toward that important goal than a belief on their part that the law’s machinery is arbitrary, too busy or impervious to the facts. The desired end can become a reality only by requiring obedience to the demands of due process and granting parolees a hearing at which they will be represented by counsel.” (27 N Y 2d, at pp. 385-386.)
The Johnson, Cummings, Hamm and Woods decisions all involve parole release and all hold that the standards by which the Parole Board considers prisoner eligibility for parole must be subject to some measure of judicial scrutiny.
This court in Arthurs v. Regan (69 Misc 2d 363) at page 368, held that with respect to parole revocations: “ The Parole Board rests its case on the legislative delegation of discretion and to the extent that discretionary expertise is claimed by the board, it should be willing to articulate sound criteria for its decisions *56 (See Newman., Court Intervention in the Parole Process, 36 Albany L. Rev., p. 301).”
It was the absence of any reason in the Parole Board’s decision that led this court to the conclusion that the decision in Arthurs revoking parole was arbitrary and capricious. The Appellate Division in affirming Arthurs (41 A D 2d 214), noted that the revocation of petitioner’s parole was accomplished in a manner which did not comply with Morrissey v. Brewer (408 U. S. 471) in that the Parole Board did not supply “ a written statement * * * as to the evidence relied on and reasons for revoking parole”. Similarly, the Parole Board did not furnish petitioner herein with a written statement as to the reasons for denying parole.
The language of Mr. Justice John H. Doerr in Matter of Cummings v. Regan (76 Misc 2d 137, supra) at pages 142-143, is particularly persuasive: “To hold that withholding reasons, if there be any, for denial of parole to an eligible inmate is not a hindrance to him in his aspiration to achieve parole status is without logic and in total disregard for the human ¡situation. While disclosure of the grounds of denial cannot effect release of the petitioners, it can furnish them with some guidance for their own rehabilitative effort. In making disclosure the board sacrifices none of its discretionary authority. None of the ingredients available to the board under article 8 of the Correction Law, and especially section 213 ¡of the Correction Law, in considering and exercising its best judgment as to whether parole shall be granted or denied, are in any way challenged or diminished by a requirement that the board inform an inmate of the reasons why parole has been denied him. They are still exclusively vested with the authority to exercise their discretion in carrying out parole objectives. While the judgmental prerogative belongs to the board by law, the exercise of that judgment in an aura of secrecy should not be countenanced. The rudiments of procedural due process are not observed unless the administrative body details the reasons for its findings (Goldberg v. Kelly, 397 U. S. 254). Despite the fact that the Board of Parole must be allowed a wide range of judgment and must be empowered to make determinations that respond individually to the immense variety and complexity of human situations, the board does remain a body of public officers, charged with specific statutory responsibility toward prisoners.”
Since section 213 of the Correction Law requires the Parole Board to give reasons when parole is granted, logic, reason and *57 basic fairness dictate that reasons should also be stated for parole denial. There is no challenge to the discretion of the board here. It is merely a matter of reasonable exercise of an administrative function in requiring the Board of Parole to give petitioner a reason for his parole denial.
The other ground urged by petitioner in this proceeding is that he was arbitrarily denied the right to have an interpreter at his parole release hearing. It appears that petitioner requested an interpreter at his parole release hearing which request was denied. There does not appear to be any justification for the denial of an interpreter since petitioner is a Chilean citizen, whose English is limited and a ¡Spanish speaking interpreter should be furnished him upon a parole release hearing so that petitioner fully understands questions posed to him by the board and makes himself understood in responding to any question.
Accordingly, the petition is granted to the extent that petitioner shall be afforded a new parole release hearing at the next available date and the respondent is directed to furnish petitioner with an interpreter and ¡shall be required to set forth in its written decision the reasons for granting or denying parole.