W. Vincent Grady, J.
Petitioner applied for temporary release on a furlough program for the purpose of seeking employment, as provided in article 26 of the Correction Law. His application was denied based on the following reasons: "(a) lengthy criminal history, (b) parole absconder, (c) nature of present offense, and (d) poor risk.”
In this CPLR article 78 proceeding petitioner maintains that the reasons furnished for rejection of his application were meaningless, and contrary to the truth. He seeks judicial review of the determination of respondents requesting that adequate and substantial reasons for the denial of his application be set forth or alternatively that his application for furlough release be granted.
The petitioner seeks to draw an analogy between parole *915 release and temporary release and urges this court to follow its decision in Solari v Vincent (77 Misc 2d 54, affd 46 AD2d 453), which requires the parole board to give reasons when parole is denied. Petitioner concedes that article 26 of the Correction Law does not establish a "right” to release, however, he maintains that it does create a right to apply for release.
Subdivision 4 of section 853 of the Correction Law sets forth the following criteria to be used by the Temporary Release Committee in determining whether an applicant should be released on a temporary release program: (1) that the temporary release program is consistent with the safety of the community, (2) that the program is in the best interests of rehabilitation of the applicant, and (3) that the program is consistent with rules and regulations of the department.
The gist of petitioner’s application is that the reasons set forth by the Temporary Release Committee in petitioner’s case are not sufficient and do not meet minimal due process requirements.
The rudiments of procedural due process require an administrative body to detail the reasons for its findings (Goldberg v Kelly, 397 US 254). The Temporary Release Committee is an administrative body and while vested with complete discretion under article 26 of the Correction Law in granting or denying temporary release, the committee is subject to the basic due process requirement of disclosing the grounds for denial of release.
Upon the hearing of this matter, the Assistant Attorney-General presented to the court an unsigned report with regard to relator, elaborating upon the reasons set forth in the decision of the Temporary Release Committee. Relator’s attorney objects to the consideration of this report in that it was not annexed to the answer and that neither he nor his client had any opportunity to review the report in advance. Relator has submitted an affidavit in response to the report which basically denies the contents thereof.
Judicial review of a determination of the Temporary Release Committee is limited to whether or not the committee exceeded its legal authority in denying temporary release. The court cannot substitute its own judgment for that of the committee which is vested with absolute discretion by article 26 of the Correction Law. The Temporary Release Committee *916 properly found petitioner to be an eligible inmate and did set forth three (3) reasons for the denial of temporary release.
The Appellate Division, Fourth Department, in Matter of Cummings v Regan (45 AD2d 222, at p 224), held: "We hold that due process considerations as well as the public policy of this State require that a meaningful statement of reasons be furnished to every applicant who has been denied parole release in the exercise of discretion delegated to the Board of Parole.”
Since the statutory criteria are somewhat vague dealing with "safety of the community”, "rehabilitation of the applicant”, and "consistent with the rules and regulations of the department”, it is not surprising that the reasons furnished by respondents for the rejection of relator’s application are also vague. It is apparent that in the report handed up to the court at the hearing of this proceeding the Temporary Release Committee is attempting to articulate the reasons for denying parole and to relate them to the criteria set forth in subdivision 4 of section 853 of the Correction Law.
Mr. Justice Joseph F. Hawkins in Matter of McMoore v Regan (79 Misc 2d 795, at p 797), in noting that the additional procedural due process safeguards accorded petitioners in parole revocation proceedings in People ex rel Donohoe v Montanye (35 NY2d 221), should also partially be applied to a prisoner’s pre-parole endeavors, stated: "To require the Parole Board to inform the suppliant succinctly of the reasons for denying parole, thus continuing imprisonment, in my opinion, is not to impose an undue burden upon that agency; more importantly, it is consonant with a legally logical extrapolation of Donohoe. ”
The Temporary Release Committee, like a parole board, should be required to give the applicant a reason for his release denial which is "merely a matter of reasonable exercise of an administrative function.” (Solari v Vincent, supra, at p 57.) The reasons were not specified in compliance with the criteria set forth in subdivision 4 of section 853 of the Correction Law when the committee handed down its initial decision in relator’s case. Subsequently, at the time of this hearing, he was presented with a more detailed explanation of those reasons and although the court does not countenance this practice, the committee has, in this court’s opinion, sufficiently informed relator of the controlling bases and conclusions upon which relator was denied temporary release. *917 The committee is, however, cautioned in the future that its decisions should enunciate the controlling bases and conclusions upon which a relator is denied temporary release in accordance with the criteria set forth in subdivision 4 of section 853 of the Correction Law.
Accordingly, the petition is dismissed and relator remanded to present custody.
This shall constitute the decision, order and judgment of this court. The Attorney-General is directed to serve a copy of this judgment, with notice of entry, upon petitioner’s counsel and upon the petitioner at the place where he is presently confined.
To commence the statutory period for appeals as of right (CPLR 5513, subd [a]), you are advised to serve a copy of this order with notice of entry upon all parties.