Thomas S. Agresta, J.
Petitioner institutes this proceeding pursuant to CPLR article 78 for a review of respondent’s denial of his request for participation in a temporary release program; or to supply petitioner with a meaningful statement of the reasons why he is ineligible to participate in the program.
Petitioner is an inmate confined at the Queensboro Correctional Facility pursuant to a conviction, based on a plea of guilty, of the crime of manslaughter in the first degree. On October 6, 1976 he submitted a request to the Temporary Release Program Committee for a six-day furlough to commence on December 24, 1976. The request was denied and the reason given was: "Nature of instant offense. Poor community risk at this time.” On January 3, 1977 petitioner again requested a furlough and this request was also denied and the reason for this denial was: "Poor institutional behavior.”
Petitioner argues that the reasons for denial of his request *945 by the Temporary Release Committee for a furlough are legally deficient.
"The rudiments of procedural due process require an administrative body to detail the reasons for its findings (Goldberg v Kelly, 397 US 254). The Temporary Release Committee is an administrative body and while vested with complete discretion under article 26 of the Correction Law in granting or denying temporary release, the committee is subject to the basic due process requirement of disclosing the grounds for denial of release.” (Matter of White v Vincent, 88 Misc 2d 914, 915.)
Subdivision 4 of section 853 of the Correction Law provides for the standards of judging applications for participation in a temporary release and furlough program. The standards are: (1) the safety of the community; (2) the best interests of rehabilitation of the applicant; and (3) compliance with the rules and regulations of the department. If the Temporary Release Committee fails to specify reasons for refusal rationally related to one or more of these standards it risks a violation of a positive statutory requirement, if not constitutional infringement of due process. (People ex rel. Davis v McClay, NYLJ, Jan. 10, 1977, p 15, col 2.)
Based on the foregoing the motion is granted to the extent that the case is remanded to the Temporary Release Committee which heard the original application for reconsideration and for a statement as to the reasons supporting the disposition.