■ In the Matter of MICHAEL MOLESE, Appellant, v ALBERT L. BAYER, as Acting Superintendent, Taconic Correctional Facility, et al., Respondents. —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Department of Correctional Services, which confirmed determinations made after a hearing that petitioner had violated the conditions of a temporary release agreement, and imposed disciplinary penalties, including the transfer of petitioner from Taconic Correctional Facility, a minimum security institution, to Attica Correctional Facility, a maximum security institution, the appeal is from a judgment of the Supreme Court, Westchester County, dated September 3, 1976, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, petition granted, and the finding that petitioner violated the terms of the temporary release agreement is annulled, the sanctions imposed on him are revoked, and it is directed that he be returned to Taconic Correctional Facility or to a similar minimum security facility. The issue on this appeal is whether an inmate on temporary release from a correctional facility, pursuant to article 26 of the Correction Law, violates the terms and conditions of such release by leaving, the State of New York during his furlough when the "memorandum setting forth the details of the temporary release program including the extended bounds of confinement" (see Correction Law, § 853, subd 5) does not specifically restrict the inmate to the boundaries of New York State. Special Term answered this question in the affirmative, finding that petitioner was bound by implication by the same rules which apply to those on parole or conditional release (see 7 NYCRR Part 1900 *et seq.*). Those rules prohibit departure from New York State without the written or documented permission of the parole officer (see 7 NYCRR 1915.10). Special Term also found that petitioner had been instructed not to leave the State of New York, even if the instruction had not been given in writing. It also found that "[t]he intent and meaning of such an agreement is unequivocal, and to adopt petitioner's tortuous interpretation would be to provide inmates with free license to roam from state to state at their pleasure, and to sanction an act * * * clearly prohibited by both the letter and spirit of the controlling statute, rules and regulations." We disagree. The language of subdivisions 5 and 6 of section 853 of the Correction Law is clear and explicit. It mandates a memorandum setting forth the details of the temporary release program, including the extended bounds of confinement, which memorandum, if approved, is to be signed by the superintendent and by the inmate. "Extended bounds of confinement" means, *inter alia,* the places the inmate is authorized to visit (Correction Law, § 851, subd 10). "When the meaning of a statute is clear, construction is unnecessary; in such a case, the duty of the court is to carry out the expressed legislative intent, not to read a different intent into the law by the aid of canons of construction" (McKinney's Cons Laws of NY, Book 1, Statutes, § 91, p 174). It was error, therefore, in the light of the clear statutory mandate as to the required contents of the memorandum of temporary release, for Special Term to have imposed other standards by implication. It should be noted, however, in this regard, that the prohibition on leaving the State imposed on parolees and those on conditional release (7 NYCRR 1915.10) is to be set forth by means of a written agreement, to be

signed by the inmate, in which the inmate to be paroled or conditionally released states: "I will not leave the state of New York", etc. If petitioner were to be held to this regulation, fundamental fairness would indicate that he be given the same, explicit, written notice. This is not to condone the giving of unbridled liberty to inmates on temporary release. Proper, explicit .memoranda, which list in detail all of the conditions and restrictions of temporary release, should be provided and used in the manner mandated by statute. Martuscello, J. P., Cohalan, Damiani and Titone, JJ., concur.