William C. Brennan, J.
Petitioner institutes this proceeding pursuant to CPLR article 78 for a review of the respondents’ denial of his request for participation in a temporary release program; or to supply petitioner with a proper statement as to the reasons why he is ineligible to participate in the program.
Petitioner is an inmate confined at the Queensboro Corree *747 tional Facility pursuant to a conviction based on a plea of guilty to the crime of robbery in the first degree. On March 29, 1977 he submitted a request for temporary release. By letter dated April 1, 1977 from William Altschuller, Assistant Director of Community Services, petitioner was advised that his request was denied. The reason given for denial is that: "Inmate’s extended pattern of assaultive criminality, culminating with the extremely serious instant offense, which involved both robbery and a sexual assault, and combined with inmate’s violation of parole when previously afforded such opportunity makes him a threat to the safety of the community. With satisfactory custodial and programmatic adjustment, he may reapply in 4/78.”
Petitioner argues that the reasons for denial of his request for a furlough are legally deficient.
"The rudiments of a procedural due process require an administrative body to detail the reasons for its findings (Goldberg v Kelly, 397 US 254). The Temporary Release Committee is an administrative body and while vested with complete discretion under article 26 of the Correction Law in granting or denying temporary release, the committee is subject to the basic due process requirement of disclosing the grounds for denial of release.” (Matter of White v Vincent, 88 Misc 2d 914.)
Subdivision 4 of section 853 of the Correction Law provides for the standards of judging applicants for participation in a temporary release and furlough program. The standards are: (1) the safety of the community; (2) the best interests of rehabilitation of the applicant; and (3) compliance with the rules and regulations of the department.
If the Temporary Release Committee fails to specify reasons for refusal rationally related to one or more of these standards, it risks a violation of a positive statutory requirement, if not constitutional infringement of due process (People ex rel. Davis v McClay, NYLJ, Jan. 10, 1977, p 15, col 2). However, an inmate does not have an absolute right to participate in a temporary release program. Participation in a program is a privilege (Correction Law, § 853, subd 8).
Pursuant to Supplement No. 4 to Administrative Bulletins No. 12 and No. 63, authorized by section 852 of the Correction Law, inmates serving a sentence for a sex offense or those with a record involving sexual assaults or aberrations within a five-year period preceding date of present conviction must be *748 approved for a temporary release program by the Deputy Commissioner for Parole and Community Services.
Based on the foregoing, the petition is dismissed since there was a rational basis for denial and the petitioner has been apprised of those reasons supporting the denial of his request by the Assistant Director of Community Services.