OPINION OF THE COURT
James B. Kane, J.
Upon a review of the relevant law and the materials sub *104 mitted and after hearing the oral arguments of counsel on behalf of their clients this court makes the following determination:
That respondents’ decision of September 14, 1977 to remove petitioner from the temporary release program should be annulled.
The United States Supreme Court in Morrissey v Brewer (408 US 471, 481) has stated that constitutional due process protection does not turn upon whether a governmental benefit is characterized as a right or a privilege.
The basic way for petitioner to trigger due process scrutiny of his removal from the temporary release program is to show a grievous loss of a liberty interest. His removal results in the loss of his ability to leave the confines of the prison, to associate with nonprisoners and in the denial of the possible rehabilitative benefits inherent in Alcoholics Anonymous meetings. In addition petitioner’s removal from the temporary release program will have a definite adverse effect on his chances for the more extensive liberty interest accompanying parole release. This court feels petitioner’s removal from the program constitutes a grievous loss of a liberty interest sufficient to invoke due process considerations (Zurak v Regan, 550 F2d 86; People ex rel. Cooper v Smith, 77 Misc 2d 666; Tracy v Salamack, 440 F Supp 930; White v Vincent, 88 Misc 2d 914; Cardaropoli v Norton, 523 F2d 990).
In Meachum v Fano (427 US 215), the United States Supreme Court suggested that suffering a loss does not alone always compel the application of due process scrutiny but if some right or expectation rooted in State law protects against this loss, the loss is sufficient to trigger due process scrutiny. A benefit conferred by the State may not be arbitrarily taken away if the State itself through its laws or practices has created the reasonable impression that the benefit will not be arbitrarily revoked (Wolff v McDonnell, 418 US 539; Zurak v Regan, supra; Walker v Hughes, 588 F2d 1247; Tracy v Salmack, supra).
It appears that the official New York policy concerning the program is that an inmate will not be removed from a program unless he violates the temporary release rules or otherwise subjects himself to prison disciplinary procedures (New York State Dept of Correctional Servs. Administrative Bulletin No. 63, cited in 38 Albany L Rev 691, 709 et seq. Project: Temporary Release in New York State Correctional *105 Facilities; Molese v Bayer, 57 AD2d 962; Tracy v Salmack, supra).
Therefore, it was reasonable for petitioner to assume that once it was determined by the temporary release committee and by Deputy Commissioner Elwin, based upon petitioner’s complete record, that his temporary release program was consistent with the safety of the community and his best interests that he would remain in the program absent any misbehavior on his part. The amendments effective December 1, 1977 only transferred the decision making role concerning the eligibility of certain inmates from the temporary release committee to the commissioner without really changing the statutory criteria.
This court is not attempting to substitute its judgment for the commissioner’s; rather it is merely reinstating the temporary release committee’s and Deputy Commissioner Elwin’s decision of July 13, 1977. In the absence of any extraordinary or changed circumstances the commissioner should be bound by the prior legal, then statutorily proper, decision by the release committee and the deputy commissioner, regarding the safety of the community and the welfare of petitioner.
For the reasons stated above this court directs that respondents’ decision to remove petitioner from the temporary release program be annulled; and that petitioner be immediately returned to the temporary release program under the same terms and conditions set by Deputy Commissioner Elwin on July 13, 1977.