■ In the Matter of MEI ZHENG, Petitioner, v ANDREA EVANS, as Chair of the Division of Parole, Respondent. [947 NYS2d 669]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1992, petitioner was convicted, after a jury trial, of one count of kidnapping in the first degree as the result of his participation in the kidnapping and brutal beating of an illegal Chinese immigrant. Petitioner was sentenced to 20 years to life in prison and the conviction was thereafter affirmed upon appeal (*People v Mei Zheng*, 253 AD2d 704 [1998]). In August 2010, petitioner, who is a Chinese National from Fuzhou, made his first appearance before the Board of Parole and was provided an interpreter fluent in both Mandarin and English. At the conclusion of the hearing, his request for parole release was denied and a 24-month hold was imposed. Petitioner commenced this CPLR article 78 proceeding after the Board's determination was affirmed upon administrative appeal.

Initially, we note that this proceeding, which does not present a question of substantial evidence (*see* CPLR 7803 [4]), was improperly transferred to this Court; nonetheless, we will retain the matter in the interest of judicial economy (*see Matter of Ondrizek v Dennison*, 39 AD3d 1114, 1115 [2007]). As to the merits, we find persuasive petitioner's contention that, under the particular circumstances herein, language barriers unfairly prevented him from fully participating in his parole hearing. While "there is no inherent constitutional right to parole" (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 73 [1980]), a parole release applicant is nevertheless entitled to a fair hearing where he or she "fully understands [the] questions posed to him [or her] by the [B]oard and makes himself [or

herself] understood in responding to any question" (*Solari v Vincent*, 77 Misc 2d 54, 57 [1974], *affd* 46 AD2d 453 [1975], *revd on other grounds* 38 NY2d 835 [1976]; *see Matter of Labbe v Russi*, 158 Misc 2d 532, 537 [1993]; *cf. Matter of Santana v Coughlin*, 90 AD2d 947 [1982] [deficient translation taints entire disciplinary hearing]).

Here, respondent does not dispute that petitioner speaks in the Fujianese dialect and has only limited knowledge of English and Mandarin. Furthermore, respondent has not asserted that an interpreter familiar with the appropriate dialect could not reasonably be obtained for the hearing (*see Matter of Labbe v Russi*, 158 Misc 2d at 537). Although the transcript of the hearing confirms that petitioner initially indicated that he wished to speak in English, he soon stumbled and, while the interpreter attempted to help him, it is apparent from a review of the hearing as a whole that this help was not effective and petitioner continued to have problems adequately understanding and responding to the questions posed to him.* At one point, as petitioner struggled with his response to a question concerning his prison disciplinary record, one of the Commissioners indicated that he did not understand petitioner's response and then, ultimately, changed the subject, stating, "It's fine, don't worry about it." Thus, on this record, we deem it appropriate to remit the matter to the Board for a de novo hearing.

Given the necessity of a new hearing, we need not consider the remaining issues raised by petitioner.

Rose, J.P., Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to the Board of Parole for further proceedings not inconsistent with this Court's decision.

---

* Notably, the transcript does not indicate when, if ever, Mandarin Chinese was being spoken by the interpreter or petitioner. Moreover, when petitioner first indicated that he preferred to conduct the hearing in English, it appears that this may have been due to his difficulty communicating in Mandarin. It also appears that the Board did not fully comprehend this difficulty.